■ In the Matter of JULES BELANGER, Respondent, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered September 28, 1978 in Albany County, which denied a motion by respondent State Farm Mutual Automobile Insurance Company for an order pursuant to CPLR 2221 vacating the order of the Supreme Court, entered May 17, 1978 in Albany County. On May 13, 1977, petitioner Jules Belanger was involved in an automobile accident, at which time he was a resident of the State of New York and was insured by respondent State Farm Mutual Automobile Insurance Company (State Farm), under a policy issued in New York State. Petitioner made an application for "no-fault" first-party benefits to State Farm, which commenced making payments. A dispute thereafter arose concerning the amount of first-party benefits to which petitioner was entitled, and petitioner submitted the dispute to arbitration pursuant to the

provisions of subdivision 2 of section 675 of the Insurance Law. Petitioner thereafter requested that the arbitration be conducted in the Province of Quebec, Canada, instead of Albany County. State Farm objected, but the arbitration association granted the request on the grounds of petitioner's residency in the Province of Quebec. On April 4, 1978, petitioner applied to Supreme Court, Albany County, for an order and judgment ordering and directing (1) that only the English language be employed as the official language at the arbitration hearing, and for the record of the arbitration proceedings and arbitrator's award; (2) that the American Arbitration Association remove the respondent arbitrator Louis-Clement Ferland for partiality and misconduct, and appoint another arbitrator; and (3) that respondent American Arbitration Association provide petitioner with complete and legible copies of all secret communications between the respondent arbitrator and the respondent association. This proceeding was commenced by effecting service upon the respondents by mail. On April 6, 1978, respondent arbitrator resigned. State Farm did not appear or answer in this proceeding. The court, after considering the answer of the respondent association, ordered (1) that only English language be employed in the arbitration proceedings; (2) that respondent association appoint another arbitrator acceptable to petitioner and State Farm; and (3) that respondent association provide petitioner with complete and legible copies of all secret communications between it and respondent arbitrator. This order was entered on May 17, 1978, and a copy thereof was served on respondent association, but not on State Farm. A copy was mailed by the association to State Farm. On June 23, 1978, State Farm moved by order to show cause for an order staying, vacating and/or otherwise modifying the order entered on May 17, 1978 on the ground that it had never received notice of the proceeding, and, further, that the court lacked jurisdiction over the subject matter of the proceeding. Special Term found that State Farm had shown a reasonable excuse for its default on the original motion, but also found that it had jurisdiction over the parties and the subject matter, and that the use of the English language did not violate the laws of the Dominion of Canada or the Province of Quebec. State Farm's motion was denied on the merits. State Farm contends that the only issues that the court can decide when arbitration is involved is whether the dispute is arbitrable, and whether the arbitration was timely sought. CPLR 7511 specifies various grounds upon which the court shall vacate an award upon the application of a party which include corruption, fraud or misconduct in procuring the award or partiality of an arbitrator. Questions of impartiality and misconduct on the part of an arbitrator are, therefore, not a proper subject of arbitration. In arbitration matters, the Supreme Court acts as a court of equity, and has a certain latitude of discretion limited to the necessities of the situation *(Matter of Lipschutz [Gutewirth]*, 304 NY 58). Where a party to an arbitration proceeding becomes aware of the misconduct, or probable partiality of an arbitrator, there would appear to be no reason why the court should not exercise its equitable jurisdiction on the application of the party at any time during the proceeding, rather than require the party to wait for the award, and then move to vacate pursuant to CPLR 7511. As to the use of the English language this proceeding was commenced in the State of New York to obtain relief pursuant to the laws of this State, and was required to be commenced in the English language (CPLR 2101). The language to be used in the proceeding is, therefore, not a proper subject of arbitration. Nothing herein indicates that any of the parties or witnesses to be examined do not understand the English language, nor is it contended that enforcement of

any award would be made elsewhere than in New York State. In the absence of any law of the Dominion of Canada and the Province of Quebec precluding the use of the English language in this proceeding, there appears to be no reason why the court should not have exercised its equitable discretion to require the proceedings to be conducted in the English language, and thereby avoid the potential problems of the accuracy of translations, and the costs to check and verify the translations. The order appealed from should, therefore, be affirmed. Order affirmed, with costs. Mahoney, P. J., Sweeney, Staley, Jr., Casey and Herlihy, JJ., concur.