■ FLORENCE BLISTEIN, Appellant, v SYLVIA FELDERMAN et al., Appellants, and JOSEPH SPITZER et al., Respondents.—In an arbitration proceeding pursuant to CPLR article 75, the peti-

tioner and Sylvia Felderman and East Realty Associates separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated June 16, 1989, as granted those branches of the motion of Joseph Spitzer and Midwood Realty Associates which were to disqualify the designated arbitrator and to remove the matter to the Supreme Court, Kings County, for disposition.

Ordered that the order is reversed insofar as appealed from, on the law, those branches of motion which were to disqualify the designated arbitrator and to remove the matter to the Supreme Court for disposition are denied, and the matter is remitted to the American Arbitration Association for continuation of the arbitration proceeding; and it is further,

Ordered that the stay contained in the order of this court dated July 27, 1989, is vacated; and it is further,

Ordered that the appellants appearing separately and filing separate briefs are awarded one bill of costs.

The Supreme Court, during the pendency of an arbitration proceeding, has the discretion to consider an application of a party challenging the misconduct or bias of the arbitrator (see, *Matter of Astoria Med. Group [Health Ins. Plan]*, 11 NY2d 128, 132; *Rabinowitz v Olewski*, 100 AD2d 539, 540; *Matter of Belanger v State Farm Mut. Auto Ins. Co.*, 74 AD2d 938, 939). However, the record does not support a finding that the designated arbitrator's alleged conduct in this case warranted intervention by the Supreme Court. Accordingly, those branches of the motion of Joseph Spitzer and Midwood Realty Associates (hereinafter Midwood) which were to disqualify the designated arbitrator and to remove the matter to the Supreme Court should have been denied.

Finally, we note that contrary to the contention of Spitzer and Midwood, there is no indication in the record that the order being appealed from was entered upon the consent of the parties. Lawrence, J. P., Rubin, Balletta and Rosenblatt, JJ., concur.