■ In the Matter of ERNEST GRENDI et al., Appellants, v LNL CONSTRUCTION MANAGEMENT CORP. et al., Respondents.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about January 16, 1991, which denied

petitioners' application for an order and judgment disqualifying the arbitrators hearing a dispute between the parties, and to permanently enjoin that arbitration, unanimously reversed, on the law and the facts, petitioners' application is granted, and judgment should be entered disqualifying the arbitrators in Case No. 13-110-00149-90, with costs.

Petitioners contracted with respondent LNL Construction Management Corp. and its principal Lou Levy (hereafter collectively "respondent") for $315,000 in renovations to the petitioners' home. The agreement provided that all claims and disputes between the owners (petitioners) and the contractor (respondent) would be settled by arbitration in accordance with the Construction Arbitration Rules of the American Arbitration Association (AAA).

Approximately three days into an arbitration commenced by petitioners to settle a dispute which culminated in respondent's termination as contractor, wherein respondent had filed counterclaims against petitioners, respondent claimed that it was unable to pay its share of the arbitrators' daily fee of $1,500. The case administrator for the AAA requested of petitioners that they pay the respondent's share of the arbitrators' fee in addition to their own share.* Petitioners declined to agree to that request, and their position was effectively conveyed to the arbitrators by the case administrator.

Petitioners made a written request to disqualify the panel and to discontinue the arbitration on that basis, but the AAA refused that request. Petitioners thereupon commenced a special proceeding to restrain further proceedings before the panel. The Supreme Court denied the application on the ground that "it is premature to raise that ground [bias] in the middle of the arbitration." An appeal was taken, and this court stayed the arbitration proceedings pending determination of the appeal.

In *Matter of Astoria Med. Group (Health Ins. Plan)* (11 NY2d 128, 132) the Court of Appeals observed that "in an appropriate case, the courts have inherent power to disqualify an arbitrator before an award has been rendered." *(See also, Matter of Belanger v State Farm Mut. Auto. Ins. Co.,* 74 AD2d

---

* Paragraph 49 of the AAA rules then in effect provided as here pertinent that "[a]ll expenses of the arbitration * * * shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator in the award assesses such expenses or any part thereof against any specified party or parties."

938, 939: "Where a party to an arbitration proceeding becomes aware of the misconduct, or probable partiality of an arbitrator, there would appear to be no reason why the court should not exercise its equitable jurisdiction on the application of the party at any time during the proceeding, rather than require the party to wait for the award, and then move to vacate pursuant to CPLR 7511."; *accord, Rabinowitz v Olewski,* 100 AD2d 539.)

In Matter of *Catalyst Waste-to-Energy Corp. (City of Long Beach)* (164 AD2d 817, *lv dismissed* 76 NY2d 1017) we held that a request for additional compensation for arbitrators made while hearings were in progress raised the appearance of impropriety in the proceedings, and constituted a sufficient basis to vacate the arbitrators' award. As in *Catalyst,* the petitioners herein should not have been placed in a position where they would feel compelled to accede to the AAA's request to pay the respondent's share of the arbitrators' fee for fear of adverse consequences (164 AD2d, *supra,* at 820).

Petitioners conclusively demonstrated sufficient reason to disqualify the arbitrators and to stay further proceedings, and they should not have been required to await the rendering of an award by the panel in order to challenge it for bias. We accordingly find it unnecessary to address the petitioners' additional contention that the arbitrators exhibited actual bias after having been advised that petitioners declined to pay respondent's share of their fee. Concur—Murphy, P. J., Carro, Wallach, Kupferman and Smith, JJ.

