■ MARVIN SHALATSKY et al., Appellants, v ERIC ENGLAND et al., Defendants, and JOAN BLANC et al., Respondents. [669 NYS2d 850] —In an action to recover damages for personal injuries, etc., in which the parties stipulated to the submission of a certain issue to arbitration, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Ingrassia, J.), entered August 28, 1996, which denied their motion for a declaration that "the arbitration proceedings [are] a nullity and [to direct] arbitration de novo before a newly designated arbitrator".

Ordered that the order is affirmed, with costs.

The plaintiffs' motion was, in effect, an application to disqualify the arbitrator based on his having learned certain information which the plaintiffs believed would create a bias against them. Pending determination of the plaintiffs' motion, the Supreme Court stayed the arbitration proceeding. The Supreme Court had jurisdiction to rule on the application while the arbitration proceeding was pending (see, Blistein v Felderman, 154 AD2d 416; Rabinowitz v Olewski, 100 AD2d 539; see also, Matter of Astoria Med. Group [Health Ins. Plan], 11 NY2d 128).

We agree with the Supreme Court that the parties' agreement to arbitrate contained no provision conditioning the validity of the award on the arbitrator's ignorance of the supposedly prejudicial information. More fundamentally, we see nothing prejudicial about the information which the arbitrator learned, and we see no reason in fairness why this information should not have been known to him. In this case, "the arbitration process [was] free of the appearance of bias", and thus the Supreme Court correctly declined to intervene before any award was granted (Rabinowitz v Olewski, supra, at 540, cit-

ing *Commonwealth Corp. v Continental Co.,* 393 US 145; *Matter of Conley v Ambach,* 93 AD2d 902, *mod* 61 NY2d 685; *De Camp v Good Samaritan Hosp.,* 66 AD2d 766; *cf., Scott v Brooklyn Hosp.,* 93 AD2d 577). Mangano, P. J., Bracken, Miller and Krausman, JJ., concur.