█ In the Matter of UNIFORMED FIREFIGHTERS ASSOCIATION, LOCAL 287, Respondent, v CITY OF LONG BEACH, Appellant. [762 NYS2d 819] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the City of Long Beach appeals from an order of the Supreme Court, Nassau County (Dunne, J.), dated July 11, 2002, which denied its motion to dismiss the proceeding, granted the petitioner's motion to disqualify the arbitrator, and temporarily stayed arbitration.

Ordered that the order is affirmed, with costs.

"The Supreme Court, during the pendency of an arbitration proceeding, has the discretion to consider an application of a party challenging the misconduct or bias of the arbitrator" (*Blistein v Felderman,* 154 AD2d 416 [1989]; *see Shalatsky v England,* 248 AD2d 373 [1998]; *Matter of Astoria Med. Group.,* 11 NY2d 128 [1962]). "The proper standard of review for the disqualification of arbitrators is whether the arbitration process is free of the appearance of bias" (*Rabinowitz v Olewski,* 100 AD2d 539, 540 [1984]).

In this case, the petitioner's attorney and the appointed arbitrator were former law partners whose relationship disintegrated and culminated in a lengthy and acrimonious judicial dissolution (*see* Business Corporation Law § 1104-a). Moreover, the petitioner's attorney, who has represented the grievant since the inception of the underlying disciplinary proceeding, moved for relief promptly prior to the commencement of the arbitration (*cf. Shomron v Fuks,* 286 AD2d 587 [2001]). The Supreme Court therefore acted appropriately in staying the arbitration and disqualifying the arbitrator (*see Matter of Grendi v LNL Constr. Mgt. Corp.,* 175 AD2d 775 [1991]; *Rabinowitz v Olewski, supra; see also Matter of Excelsior 57th Corp. [Kern],* 218 AD2d 528 [1995]).

"Precisely because arbitration awards are subject to such

judicial deference, it is imperative that the integrity of the process, as opposed to the correctness of the individual decision, be zealously safeguarded" (*Matter of Goldfinger v Lisker*, 68 NY2d 225, 231 [1986]). The "basic, fundamental principles of justice require complete impartiality on the part of the arbitrator and mandate that the proceedings be conducted without any appearance of impropriety" (*Matter of Fischer [Queens Tel. Secretary]*, 106 AD2d 314, 315-316 [1984]). Contrary to the appellant's contention, the arbitrator's presence as a party in this proceeding is not required in order to accord complete relief and he will not be inequitably affected by the outcome of the proceeding (*see* CPLR 1001 [a]).

The appellant's remaining contentions are without merit. Ritter, J.P., Smith, S. Miller and Adams, JJ., concur.