■ In the Matter of COUNTY OF NIAGARA, Respondent, v JOSEPH W. BANIA, Respondent, and NIAGARA COUNTY DEPUTY SHERIFF'S POLICE BENEVOLENT ASSOCIATION, PACE LOCAL 1-2001, Appellant. [775 NYS2d 744]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered August 15, 2003. The order denied the motion of respondent Niagara County Deputy Sheriff's Police Benevolent Association, PACE Local 1-2001, to dismiss the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of respondent Niagara County Deputy Sheriff's Police Benevolent Association, PACE Local 1-2001 in part and dismissing that part of the petition seeking relief under CPLR 7511 (b) (1) (ii) and as modified the order is affirmed without costs.

Memorandum: Following an arbitration hearing, petitioner commenced this CPLR article 75 proceeding seeking to disqualify the arbitrator, respondent Joseph W. Bania, to restrain Bania from issuing an award and to commence a new hearing before a different arbitrator. In lieu of answering, respondent Niagara County Deputy Sheriff's Police Benevolent Association, PACE Local 1-2001 (Union) moved to dismiss the petition pursuant to CPLR 404 (a). Supreme Court denied the motion and afforded the Union an opportunity to submit an answer (*see id.*).

"On a motion to dismiss pursuant to CPLR 404, the petition is entitled to all favorable inferences, and the motion must be denied if the petitioner states any facts upon which he is prima facie entitled to relief" (*Matter of Lack v Kreiner*, 91 AD2d 813, 813 [1982]). The fact that the petition here was filed before an award was rendered is of no moment because, "in an appropriate case, the courts have inherent power to disqualify an arbitrator before an award has been rendered where there is a real possibility that injustice will result" (*Matter of Excelsior 57th Corp. [Kern]*, 218 AD2d 528, 530 [1995] [internal quotation marks and citations omitted]; *see Matter of Astoria Med. Group [Health Ins. Plan of Greater N.Y.]*, 11 NY2d 128, 132 [1962]).

We conclude that the petition and attached affidavit state facts that, if true, may entitle petitioner to the relief requested under CPLR 7511 (b) (1) (i). An arbitrator's procedural ruling or refusal to hear evidence may constitute misconduct where it " 'results in the foreclosure of the presentation of material and pertinent evidence' " (*Matter of Janis v New York State Div. of Hous. & Community Renewal*, 271 AD2d 878, 879 [2000], quoting *Matter of Cox [Mitchell]*, 188 AD2d 915, 917 [1992]; *see Matter of Professional Staff Congress/City Univ. of N.Y. v Board of*

*Higher Educ. of City of N.Y.*, 39 NY2d 319, 323 [1976]; *Gervant v New England Fire Ins. Co.*, 306 NY 393, 400 [1954]).

We further conclude, however, that the allegations of the petition and attached affidavit fail to state facts that, if true, would entitle petitioner to relief under CPLR 7511 (b) (1) (ii). Partiality of an arbitrator "may be shown by actual bias or the appearance of bias from which a conflict of interest may be inferred" (*Matter of City School Dist. of Oswego [Oswego Classroom Teachers Assn.]*, 100 AD2d 13, 17, [1984] *amended on other grounds* 101 AD2d 1027 [1984]; *see Matter of Wisner Professional Bldg. v Zitone Constr. & Supply Co.*, 224 AD2d 538 [1996]). The petition does not allege a relationship between Bania and any of the parties that could create a conflict of interest or even the appearance of a conflict of interest (*cf. Matter of Uniformed Firefighters Assn., Local 287 v City of Long Beach*, 307 AD2d 365 [2003], *lv denied* 1 NY3d 502 [2003]; *City School Dist. of Oswego*, 100 AD2d at 18). The petition alleges only that rulings and comments of Bania reflect a partiality on the part of Bania in favor of the Union. We conclude that those allegations are insufficient to establish actual bias or the appearance of bias from which a conflict of interest may be inferred. We therefore modify the order by granting the Union's motion in part and dismissing that part of the petition seeking relief under CPLR 7511 (b) (1) (ii).

To the extent that the Union contends that petitioner erred in naming Bania as an individual respondent, that contention is raised for the first time on appeal and therefore is not preserved for our review. Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.