■ In the Matter of NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, v KATHERINE M. MICHAELS, Appellant. [828 NYS2d 739]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered March 30, 2006. The order, among other things, denied respondent's motion to disqualify the arbitrator and to appoint a neutral arbitrator.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner, Nationwide Mutual Insurance Company (Nationwide), commenced this proceeding seeking a permanent or temporary stay of arbitration arising from a demand for arbitration of supplemental uninsured motorist benefits. Supreme Court (Vincent E. Doyle, J.) denied the petition for a permanent stay but granted a temporary stay for 60 days to complete discovery. Thereafter, respondent moved for an order disqualifying the arbitrator and appointing a neutral

arbitrator. Supreme Court (Richard C. Kloch, Sr., A.J.) properly denied the motion. A court has the inherent power to disqualify an arbitrator before an award has been rendered where there is a real possibility that injustice will result (*see Matter of Astoria Med. Group [Health Ins. Plan of Greater N.Y.]*, 11 NY2d 128, 132 [1962]; *Matter of County of Niagara v Bania*, 6 AD3d 1223, 1224 [2004]; *Rabinowitz v Olewski*, 100 AD2d 539, 540 [1984]). "The proper standard of review for the disqualification of arbitrators is whether the arbitration process is free of the appearance of bias" (*Rabinowitz*, 100 AD2d at 540). Here, there is no evidentiary proof of any appearance of bias on the part of the assigned arbitrator (*see Matter of Kornit [Plainview-Old Bethpage Cent. School Dist.]*, 49 NY2d 842, 843 [1980]). There is no allegation that there was a relationship between the arbitrator and Nationwide that could create a conflict of interest (*see County of Niagara*, 6 AD3d at 1225). Respondent alleges only that certain rulings of the arbitrator establish partiality on the part of the arbitrator in favor of insurers, but those allegations are insufficient to establish actual bias or the appearance of bias (*see id.*). We have considered respondent's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Gorski, Centra and Green, JJ.