**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2530-19

ROSELLE BOROUGH BOARD
OF EDUCATION,

     Plaintiff-Appellant,

v.

LOVENA BATTS,

     Defendant-Respondent,

and

DR. ANDREE Y. McKISSICK,
arbitrator, and DR. LAMONT
REPOLLET, Commissioner of
Education,

     Defendants.

_____

        Argued May 3, 2021 – Decided August 20, 2021

        Before Judges Messano, Hoffman, and Smith.

        On appeal from the Superior Court of New Jersey,
        Chancery Division, Union County, Docket No.
        C-000143-19.

Stephen J. Edelstein argued the cause for appellant (Weiner Law Group, LLP, attorneys; Stephen J. Edelstein, of counsel and on the briefs).

Nicholas Poberezhsky argued the cause for respondent (Caruso Smith Picini, PC, attorneys; Timothy R. Smith and Nicholas Poberezhsky, of counsel; Sara B. Liebman, on the brief).

PER CURIAM

This appeal arises from a pending arbitration proceeding, involving tenure charges filed by appellant Roselle Board of Education (the Board) against one of its teachers, respondent Lovena Batts. The Board appeals from Chancery Division orders that denied its request for a preliminary injunction and then dismissed its complaint without prejudice. The Board sought interim relief to reverse rulings made by the arbitrator assigned to hear the case, asserting the arbitrator lacked authority to permit respondent to file late responses to discovery requests. Finding no basis to disturb the challenged orders, we affirm.

I.

We begin with a review of the well-established law governing arbitration proceedings. "Arbitration can attain its goal of providing final, speedy and inexpensive settlement of disputes only if judicial interference with the process is minimized; it is, after all, 'meant to be a substitute for and not a springboard for litigation.'" Barcon Assocs., Inc. v. Tri-County Asphalt Corp., 86 N.J. 179,

2

A-2530-19

187 (1981) (quoting Korshalla v. Liberty Mut. Ins. Co., 154 N.J. Super. 235, 240 (Law Div. 1977)). With that goal in mind, "[a]rbitration should spell litigation's conclusion, rather than its beginning . . . ." Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 201 (2013) (alteration in original) (quoting N.J. Tpk. Auth. v. Local 196, I.F.P.T.E., 190 N.J. 283, 292 (2007)). Indeed, "[t]he public policy of this State favors arbitration as a means of settling disputes that otherwise would be litigated in a court." Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 556 (2015).

Arbitrators are granted broad powers to decide issues of fact and law, and their decisions "are given collateral estoppel effect by reviewing courts." Barcon, 86 N.J. at 187 (citation omitted). As a result, "courts grant arbitration awards considerable deference." E. Rutherford PBA Local 275, 213 N.J. at 201. Because a trial court's decision to affirm or vacate an arbitration award is a decision of law, however, our review is de novo. Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013).

This appeal concerns a teacher-tenure arbitration conducted pursuant to the Tenure Employees Hearing Law (TEHL), N.J.S.A. 18A:6-10 to -18.1. In Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 11-12 (2017) (alterations

3                                                                                    A-2530-19

in original), our Supreme Court addressed arbitration proceedings under the

TEHL:

> New Jersey's TEHL provides tenured public school teachers with certain procedural and substantive protections from termination. N.J.S.A. 18A:6-10 provides that no tenured employee of the public school system "shall be dismissed or reduced in compensation . . . except for inefficiency, incapacity, unbecoming conduct, or other just cause." If the charges are substantiated, they are submitted for review by the Commissioner. N.J.S.A. 18A:6-11. If the Commissioner determines the tenure charges merit termination, the case is referred to an arbitrator. N.J.S.A. 18A:6-16. "The arbitrator's determination shall be final and binding," but "shall be subject to judicial review and enforcement as provided pursuant to N.J.S.[A.] 2A:24-7 through N.J.S.[A.] 2A:24-10." N.J.S.A. 18A:6-17.1. Pursuant to the cross-referenced statutes, there are four bases upon which a court may vacate an arbitral award:
>
> > a. Where the award was procured by corruption, fraud or undue means;
> >
> > b. Where there was either evident partiality or corruption in the arbitrators, or any thereof;
> >
> > c. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause being shown therefor, or in refusing to hear evidence, pertinent and material to the controversy, or of any other misbehaviors prejudicial to the rights of any party;

4

> d. Where the arbitrators exceeded or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter was not made.
>
> [N.J.S.A. 2A:24-8.]

A court may also modify or correct an award if 1) there was an evident mathematical mistake; 2) the arbitrator made an award on a claim not submitted to arbitration; or 3) "the award is imperfect in a matter of form not affecting the merits of the decision . . . ." N.J.S.A. 2A:23B-24(a). Generally, a court may only confirm, vacate, modify, or correct arbitration awards on the grounds provided in the statute. See N.J.S.A. 2A:23B-20 to -24.

In "rare circumstances," however, a court may overturn an arbitration decision if it violates "a clear mandate of public policy." N.J. Tpk. Auth., 190 N.J. at 294. Such a mandate "must be embodied in legislative enactments, administrative regulations, or legal precedents, rather than based on amorphous considerations of the common weal." Borough of Glassboro v. Fraternal Ord. of Police, Lodge No. 108, 197 N.J. 1, 10 (2008) (citation omitted).

## II.

Respondent, a tenured elementary school teacher, began working for the Board in September 2000. The Board filed certified tenure charges against

respondent with the Commissioner of Education on April 9, 2019, alleging "incapacity, excessive absenteeism, and other just cause constituting grounds requiring her dismissal." More specifically, the Board alleged that respondent was absent forty-six days during the 2015-16 school year, thirty and one-half days during the 2016-17 school year, and was continuously absent since September 30, 2017, the day after she was involved in a car accident.

On May 11, 2019, the Commissioner of Education assigned Dr. Andree Y. McKissick as the arbitrator for the tenure hearing. In accordance with N.J.SA. 18A:6-17.1(b)(3), tenure arbitrations "shall be held before the arbitrator within 45 days of the assignment of the arbitrator to the case." The employee is required to produce all evidence upon which he or she intends to rely at least ten days prior to the start of the arbitration. Ibid. On May 17, and June 3, 2019, respondent timely served her pre-hearing disclosures. Dr. McKissick directed the parties to submit their witness lists and a written copy of their opening statements by June 20, 2019. The Board met this deadline, but respondent did not; later that afternoon, Dr. McKissick conducted a telephone conference with the attorneys for the parties and set the next hearing date for July 10, 2019.

Approximately two weeks later, on July 3, 2019, respondent's attorney contacted Dr. McKissick and advised her that he would no longer be

representing respondent; in addition, he requested a sixty-day adjournment of the arbitration hearing so that respondent could retain new counsel. Dr. McKissick granted this request, over the Board's objection. On July 12, Dr. McKissick contacted the Commissioner of Education and requested that the timeframe to continue the arbitration be extended until September 3, 2019. The Commissioner granted her request. On August 22, 2019, respondent hired new counsel. Thereafter, Dr. McKissick scheduled the hearing to reconvene on October 17, 2019.

Prior to the continuation of the arbitration, respondent supplemented her previous discovery disclosures; upon receipt, the Board moved to suppress the supplemental disclosures. On October 7, 2019, Dr. McKissick denied the Board's motion, finding that the June 20, 2019 conference call was "a preliminary hearing," noting "there was no sworn testimony, [no] exhibits, no direct or cross-examinations nor rebuttals heard" on that date. In addition, Dr. McKissick explained that "October 17th starts the true, evidentiary hearing" in this matter; thus, "October 7, 2019 should be the operative date to cure the outstanding discovery issues." She then found that respondent "was in compliance" with her discovery obligations and denied the Board's motion to suppress.

A-2530-19

On October 15, 2019, the Board filed an order to show cause and verified complaint in the Chancery Division seeking to 1) enjoin and restrain the October 17, 2019 arbitration hearing; 2) remove Dr. McKissick for "arbitral misconduct"; 3) order the Commissioner of Education to assign a new arbitrator; 4) determine that the underlying tenure matter commenced on June 20, 2019, and that all disclosures must have been provided on or before June 10, 2019; 5) order the newly assigned arbitrator to bar respondent's supplemental disclosures; and 6) vacate the arbitrator's verbal decision of October 7, 2019. The court granted the order to show cause and temporarily restrained the arbitration from proceeding. After respondent filed her answer on October 28, 2019, the court allowed the parties to file briefs addressing the relevant issues.

By order dated January 15, 2020, the court denied the Board's requests for relief, finding the Board could not satisfy the third prong of Crowe v. De Gioia, 90 N.J. 126, 132-34 (1981), which required the Board to show a reasonable probability of success on the merits. The Board argued that the arbitrator's ruling should be vacated because "its award was procured by corruption, fraud, and undue means." In its accompanying statement of reasons, the court rejected this contention, noting that no award has been made in the case and that "[r]equests for relief . . . cannot be made in the middle of the

8

arbitration hearing due to unfavorable rulings." The court concluded that it lacked the authority to "adjourn the arbitration hearing, [to] remove Dr. McKissick, [to] order the Commissioner . . . to appoint a new arbitrator, or [to] vacate the arbitration verbal decision of October 7, 2019." On January 15, 2020, the court issued an order denying the Board's request for relief. On February 12, 2020, the court entered an order dismissing the Board's complaint "without prejudice to such rights as the [Board] may have upon the conclusion of the Arbitration . . . ."

## III.

On appeal, the Board contends that the arbitrator did not follow the time limits set forth in N.J.S.A. 18A:6-10; thus, her decision was procured by "undue means" as she exceeded her powers. The Board further contends that, because of those errors, the arbitrator must be removed from this matter. Concluding these arguments lack merit, we affirm substantially for the reasons set forth in the court's statement of reasons attached to its January 15, 2020 order denying the Board's requests for relief. We add the following comments.

N.J.S.A. 2A:24-8, the statute cited by the Board as authority for vacating the arbitrator's October 7, 2019 decision, addresses vacating arbitration awards; however, no award has been issued in this case. The court denied the Board's

requests for relief after determining it lacked authority to intervene before the arbitration concluded. Like the motion court, we discern no basis to overturn the arbitrator's ruling under N.J.S.A. 2A:24-8, particularly given the deference owed to an arbitrator's ruling.

We are satisfied the trial court correctly denied the Board's requests for relief. The cases cited by the Board, including Arista Mktg. Assocs., Inc. v. The Peer Grp., Inc., 316 N.J. Super. 517 (App. Div. 1998), and Belanger v. State Farm Mut. Auto Ins. Co, 426 N.Y.S.2d 140 (1980), are clearly distinguishable. In Arista, one of the arbitrators had, in fact, previously served as the attorney for one of the parties. 316 N.J. Super. at 532. In Belanger, there was a request for judicial intervention to remove the arbitrator for partiality and misconduct, among other requests, before an arbitration award was issued. 426 N.Y.S. 2d at 141. While the court in that case stated that where a party becomes aware of misconduct or partiality of the arbitrator, there was no reason why a court could not exercise equitable jurisdiction during the proceedings, the case under review does not involve any such claims of misconduct or partiality. Ibid.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION