■ GIUSEPPE D'AMATO et al., Appellants, v CAROLANN LEFFLER et al., Respondents. (Action No. 1.) BLAIR INTERNATIONAL CORP., Plaintiff, v 755 NEW YORK AVENUE ASSOCIATES et al., Defendants. (Action No. 2.) [736 NYS2d 689] —In two related ac-

tions involving the dissolution of a partnership, the plaintiffs in Action No. 1 appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated October 25, 2000, as denied their motion in Action No. 1 to vacate an arbitration award pursuant to CPLR 7511 and for appointment of a receiver, and denied their cross motion in Action No. 2, inter alia, to impose a sanction against the law firm of Lazer, Aptheker, Feldman, Rosella & Yedid, LLP.

Ordered that the appeal from so much of the order as denied the plaintiffs' cross motion is dismissed, without costs or disbursements, since the complaint in Action No. 2 was dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The Supreme Court properly denied the plaintiffs' motion to vacate the arbitration award. "An arbitration award may not be vacated unless it is violative of a strong public policy, is irrational, or clearly exceeds a specific limitation on an arbitrator's power" (*Matter of New York City Tr. Auth. v Transport Workers Union of Am.*, 279 AD2d 474, *lv granted* 97 NY2d 604; *see, Matter of Town of Callicoon [Civil Serv. Empls. Assn., Inc., Town of Callicoon Unit]*, 70 NY2d 907, 909; *Matter of County of Westchester v Alfonso*, 244 AD2d 482). Here, the arbitration provision was broad and the only limitation on the arbitrators' powers was that they could not "alter, change, cancel or rescind any provision of th[e] agreement." No excess of authority was shown by the arbitrators' chosen mechanism for appointment of a liquidating entity to sell the dissolved partnership's sole asset. While refusal to hear pertinent material evidence may constitute misconduct under CPLR 7511 (b) (1) (*see, Matter of Lewis v County of Suffolk*, 70 AD2d 107), the record does not support the plaintiffs' contention that the arbitrators refused to hear relevant evidence. The only evidence the arbitrators refused to hear related to the enforceability of the arbitration provision, which had previously been decided by the court. Altman, J.P., Adams, Townes and Prudenti, JJ., concur.