■ In the Matter of WESTCHESTER COUNTY CORRECTION OFFICERS BENEVOLENT ASSOCIATION, INC., Appellant, v COUNTY OF WESTCHESTER, Respondent. [917 NYS2d 882]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated June 29, 2009, the petitioner appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered March 30, 2010, which denied the petition and confirmed the arbitration award.

Ordered that the order is affirmed, with costs.

"[J]udicial review of arbitration awards is extremely limited" (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006]). "An arbitration award must be upheld when the arbitrator 'offer[s] even a barely colorable justification for the outcome reached' " (*id.* at 479, quoting *Matter of Andros Cia. Maritima, S.A. [Marc Rich & Co., A.G.]*, 579 F2d 691, 704 [1978]). "Courts may vacate an arbitrator's award only on the grounds stated in CPLR 7511 (b)" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]). "[A]n arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice" (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d at 479-480; *see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530 [2010]; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]; *Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629 [1979]; *Shnitkin v Healthplex IPA, Inc.*, 71 AD3d 979, 981 [2010]).

Here, the petitioner contends that the arbitrator's award was "wholly irrational," and therefore the award constituted misconduct (*see* CPLR 7511 [b] [1] [i]), and the arbitrator exceeded her powers in issuing the award (*see* CPLR 7511 [b] [1] [iii]). The petitioner failed to meet its burden of proving by clear and convincing evidence that the arbitrator committed misconduct, and that such misconduct prejudiced its rights or the integrity of the arbitration process (*see generally Matter of Hausknecht v Comprehensive Med. Care of N.Y., P.C.*, 24 AD3d 778, 780 [2005]). Moreover, an excess of power within the meaning of CPLR 7511 (b) (1) (iii) "occurs only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d at 336; *see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530 [2010]; *Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d at 326-328). Contrary to the petitioner's contention, the arbitrator's determination here was not irrational. Skelos, J.P., Dickerson, Hall and Austin, JJ., concur.