■ In the Matter of SUSAN D. SETTENBRINO, P.C., Appellant, v FLORENTINA BARROGA-HAYES, Respondent. [933 NYS2d 409]—

The appeal from the intermediate order dated July 20, 2010, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated July 20, 2010, are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"[J]udicial review of arbitration awards is extremely limited" (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006]). Such an award can be vacated by a court pursuant to CPLR 7511 (b) (1) (iii) "if it is clearly violative of a strong public policy, if it is totally or completely irrational, or if it manifestly exceeds a specific, enumerated limitation on the arbitrator's power" (*Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d 729, 729 [2009]). An award is irrational only if there is no proof whatever to justify the award (*id.* at 729-730). In addition, an arbitration award may be vacated "if the court finds that the rights of [a] party were prejudiced by . . . corruption, fraud or misconduct in procuring the award" (CPLR 7511 [b] [1] [i]; *see Matter of Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester*, 81 AD3d 966, 967 [2011]). "An arbitration award must be upheld when the arbitrator 'offer[s] even a barely colorable justification for the outcome reached' " (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d at 479, quoting *Matter of Andros Cia. Maritima, S.A. [Marc Rich & Co., A.G.]*, 579 F2d 691, 704 [1978]). An "arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice" (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d at 479-480; *see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530 [2010]; *Matter of Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester*, 81 AD3d at 967). "An arbitrator is not bound by principles of substantive law or rules of evidence, and may do justice and apply his or her own sense of law and equity to the facts as he or she finds them to be" (*Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d at 730; *see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]).

Here, the petitioner failed to demonstrate the existence of any of the recognized grounds for vacating the award of the arbitration panel pursuant to CPLR 7511 (b) (1) (iii). There is evidentiary support for the award in the record, and it was not completely irrational. Moreover, under the circumstances, the arbitration panel effected justice and properly applied its "own

sense of law and equity to the facts as [it found] them to be" (*Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d at 730).

We note that Susan D. Settenbrino, the petitioner's principal and sole shareholder, appeared at a hearing before the arbitration panel on January 13, 2010, but did not appear when the hearing continued on March 10, 2010, at which she would have been subject to cross-examination by the respondent, Florentina Barroga-Hayes. During the course of an arbitration of an attorney's fee dispute, "[i]f the attorney without good cause . . . does not participate in the arbitration, the arbitration will proceed as scheduled and a decision will be made on the basis of the evidence presented" (22 NYCRR 137.6 [h]). In this case, the petitioner failed to establish good cause for its absence, and the arbitration panel did not act irrationally or exceed its powers in refusing to grant an adjournment to the petitioner (*see Motor Veh. Acc. Indem. Corp. v NYC E.-W. Acupuncture, P.C.*, 77 AD3d 412, 415-416 [2010]; *Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d at 730).

In addition, the petitioner failed to establish "by clear and convincing evidence" that the arbitration panel "committed misconduct, and that such misconduct prejudiced [the petitioner's] rights or the integrity of the arbitration process" (*Matter of Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester*, 81 AD3d at 967; *see* CPLR 7511 [b] [1] [i]; *Berg v Berg*, 85 AD3d 950, 951 [2011]).

Moreover, and contrary to the petitioner's contention, the arbitration panel had jurisdiction over the matter. Barroga-Hayes timely filed her request for arbitration, as the application was made within two years of the termination of her representation by the petitioner (*see* 22 NYCRR 137.1 [b] [6]). In addition, the panel had jurisdiction over the dispute notwithstanding the fact that the arbitration award was made more than two years after the representation ended.

The petitioner's remaining contentions are without merit. Florio, J.P., Hall, Austin and Cohen, JJ., concur.