In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated July 13, 2011, GEICO (Government Employees Insurance Company) appeals from an order of the Supreme Court, Rockland County (Berliner, J.), dated February 8, 2012, which granted the petition.
Ordered that the order is reversed, on the law, with costs, the petition is denied, the arbitration award is reinstated and confirmed, and the matter is remitted to the Supreme Court, Rockland County, for the entry of an appropriate judgment (see CPLR 7511 [e]; 7514 [a]).
The petitioner commenced this proceeding to vacate an arbitration award rendered in favor of GEICO (Government Employees Insurance Company). The petitioner alleged, inter alia, that by failing to consider relevant evidence, the arbitrator committed misconduct. The Supreme Court granted the petition.
“[Jjudicial review of arbitration awards is extremely limited” (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006]; see Matter of Susan D. Settenbrino, P.C. v Barroga-Hayes, 89 AD3d 1094, 1095 [2011], cert denied 568 US —, 133 S Ct 572 [2012]). “An arbitration award must be upheld when the arbitrator ‘offer[s] even a barely colorable justification for the outcome reached’ ” (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 479, quoting Matter of Andros Cia Maritima, S.A. [Marc Rich & Co., A.G.], 579 F2d 691, 704 [1978]). In addition, an “arbitrator’s award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice” (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 479-480). “An arbitrator is not bound by principles of substantive law or rules of evidence, and may do justice and apply his or her own sense of law and equity to the facts as he or she finds them to be” (Matter of Erin Constr. & Dev. Co., Inc. v Meltzer, 58 AD3d 729, 730 [2009]; see Matter of *879 New York Cent. Lines, LLC v Vitale, 82 AD3d 1244, 1244-1245 [2011]).
Pursuant to CPLR 7511 (b) (1) (i), an arbitration award may be vacated if the court finds that the rights of a party were prejudiced by “corruption, fraud or misconduct in procuring the award.” A refusal by an arbitrator to hear pertinent material evidence may constitute misconduct under CPLR 7511 (b) (1) (i) (see Matter of State of N.Y. Off. of Mental Health [New York State Correctional Officers & Police Benevolent Assn., Inc.], 46 AD3d 1269 [2007]; D’Amato v Leffler, 290 AD2d 475, 476 [2002]; Matter of Lewis v County of Suffolk, 70 AD2d 107, 111 [1979]). The party seeking to vacate the arbitration award has the burden of proving by clear and convincing evidence that the arbitrator committed misconduct (see Matter of Susan D. Settenbrino, P.C. v Barroga-Hayes, 89 AD3d at 1096; Matter of Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester, 81 AD3d 966, 967 [2011]).
Here, the petitioner failed to meet its burden of proving, by clear and convincing evidence, that the arbitrator committed misconduct (see Matter of Gluck v Eastern Analytical Labs., 271 AD2d 532 [2000]). Contrary to the petitioner’s contention, there is no indication in the record that the arbitrator refused to consider pertinent material evidence (see Brooks v BDO Seidman, LLP, 94 AD3d 528 [2012]). Indeed, the arbitration award itself states that the arbitrator considered the petitioner’s submissions, which included the very evidence that the petitioner claims was not considered. Inasmuch as the petitioner failed to demonstrate any misconduct, the Supreme Court erred in granting the petition to vacate the arbitration award (see Matter of Trivino v Allcity Ins. Co., 227 AD2d 638 [1996]).
In light of our determination, we need not reach the petitioner’s remaining contention. Skelos, J.E, Florio, Leventhal and Hall, JJ., concur.