In the Matter of ABRAHAM KLEIN, Respondent, v JOHN S. PEREIRA, as Bankruptcy Trustee for the Bankruptcy Estate of CHRISTINE PERSAUD, Appellant. [34 NYS3d 119]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated March 31, 2009, John S. Pereira, as Bankruptcy Trustee for the Bankruptcy Estate of Christine Persaud, appeals from an order of the Supreme Court, Kings County (Schack, J.), dated July 10, 2014, which granted the petition to confirm the arbitration award and denied his motion to vacate the arbitration award.

Ordered that the order is affirmed, with costs.

Pursuant to CPLR 7511 (b) (1) (iii), an arbitration award may be vacated where the arbitrator "exceeded his [or her] power." However, a party seeking to overturn an arbitration award on this basis bears a heavy burden, and must establish entitlement to vacatur of the award by clear and convincing evidence (*see Matter of Quality Bldg. Constr., LLC v Jagiello Constr. Corp.*, 125 AD3d 973 [2015]).

Here, John S. Pereira, as Bankruptcy Trustee for the Bankruptcy Estate of Christine Persaud, failed to establish that the arbitrator exceeded any specifically enumerated limitation on his power (*see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]). The arbitration clause in the agreement at issue was broad, and included only a general limitation that the arbitrator could not "change any [of the agreement's] terms or deprive any party to this agreement of any rights or remedies expressed" therein. The arbitrator's chosen mechanisms for resolving the parties' dispute did not exceed his authority, as the arbitration clause in the agreement expressly conferred on him the power to "deal with any business dispute and decide on any dispute regarding the operation of the [business]" (*see Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909 [1987]; *D'Amato v Leffler*,

290 AD2d 475 [2002]; *Matter of National Coverage Corp. [Kulesh]*, 202 AD2d 368 [1994]).

Accordingly, the petition to confirm the arbitration award was properly granted, and the motion to vacate it was properly denied. Dillon, J.P., Sgroi, Miller and Barros, JJ., concur.