■ In the Matter of MENACHEM JOSEPH KRAUSZ et al., Appellants, v ALEXANDER ASHKENAZI, Also Known as SENDER ASHKENAZI, et al., Respondents. [47 NYS3d 132]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated December 18, 2013, in which Alexander Ashkenazi, also known as Sender Ashkenazi, and Mesamche Lev-Viyoel Moishe, Inc., doing business as Mesamche Lev, cross-petitioned to vacate the award, the petitioners appeal from an order of the Supreme Court, Kings County (Velasquez, J.), dated October 21, 2015, which denied the petition to confirm the award and, in effect, granted the cross petition to vacate the award.

Ordered that the order is reversed, on the law, with costs, the petition to confirm the award is granted, and the cross petition to vacate the award is denied.

On October 18, 2012, the parties entered into two written agreements to arbitrate a dispute before a rabbinical court, one of which was written in Hebrew and the other in English. In an arbitration award dated December 18, 2013, a majority of the rabbinical court directed Alexander Ashkenazi, also known as Sender Ashkenazi, and Mesamche Lev (hereinafter together the respondents) to pay the petitioners the sum of $450,000. Thereafter, the petitioners commenced this proceeding to confirm the arbitration award. The respondents cross-petitioned to vacate the award on the ground that the arbitrators acted in excess of their powers. Specifically, the respondents argued that the arbitration agreement required an award to be based on the unanimous agreement of the arbitrators, and the subject award was issued by only a majority of the arbitrators. The Supreme Court denied the petition to confirm the award on the ground that the award was not final and, in effect, granted the cross petition to vacate the award.

"Pursuant to CPLR 7511 (b) (1) (iii), an arbitration award may be vacated where the arbitrator 'exceeded his [or her] power' " (*Matter of Klein v Pereira*, 140 AD3d 958, 958 [2016]). "Such an excess of power occurs only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]; *see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Matter of Local 342 v Town of Huntington*, 52 AD3d 720, 721 [2008]).

Here, the respondents failed to establish that the arbitrators exceeded any specifically enumerated limitation on their power

by issuing an award rendered by a majority of the arbitrators. CPLR 7506 provides that "a majority [of the arbitrators] may determine any question and render an award" (CPLR 7506 [e]). While this requirement may be waived by the "written consent of the parties" (CPLR 7506 [f]), the subject arbitration agreement written in English expressly provided that the award would be "signed by a majority of the arbitrators." Further, the petitioners produced two separate English translations of the arbitration agreement written in Hebrew, both of which expressly allowed for an award to be made by a majority of the arbitrators. The English translation of the arbitration agreement written in Hebrew offered by the respondents in support of their cross petition did not contain an express statement that an award must be made only upon the unanimous agreement of the arbitrators, and such an interpretation would render the express provision to the contrary in the English agreement meaningless (see Solco Plumbing Supply, Inc. v Hart, 123 AD3d 798, 800 [2014]).

The Supreme Court should not have considered the contention that the arbitration award was not final, as the respondents improperly raised that contention for the first time in reply papers (see Ramsarup v Rutgers Cas. Ins. Co., 98 AD3d 494, 496 [2012]).

The respondents' remaining contentions are without merit.

Accordingly, the petition to confirm the arbitration award should have been granted, and the cross petition to vacate the award should have been denied. Balkin, J.P., Leventhal, Roman and LaSalle, JJ., concur.