Pentacon, LLC v 422 Knickerbocker, LLC (2018 NY Slip Op 06758)





Pentacon, LLC v 422 Knickerbocker, LLC


2018 NY Slip Op 06758


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-04951
 (Index No. 6667/11)

[*1]Pentacon, LLC, respondent, 
v
422 Knickerbocker, LLC, et al., appellants.


Seyfarth Shaw, LLP, New York, NY (Jonathan P. Wolfert of counsel), for appellants.
Coran Ober, P.C., Flushing, NY (Richard Paul Stone of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for conversion and breach of a lease, the defendants appeal from an order of the Supreme Court, Kings County (Bernadette Bayne, J.), dated February 29, 2016. The order, insofar as appealed from, in effect, denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action to recover damages for conversion and breach of a lease.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof, in effect, denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for conversion, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof, in effect, denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for breach of a lease except to the extent that cause of action was predicated upon the defendants' alleged failure to obtain insurance required by the lease and to provide the plaintiff with proof thereof, and substituting therefor a provision granting that branch of the motion except to the extent that cause of action was predicated upon the defendants' alleged failure to obtain insurance required by the lease and to provide the plaintiff with proof thereof; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.
The plaintiff's predecessor-in-interest was the owner of certain real property located in Brooklyn (hereinafter the Property). On or about June 9, 1987, the plaintiff's predecessor-in-interest entered into a written agreement to lease the Property to the defendants' predecessor-in-interest for a term of 48 years. When the parties executed the lease, the Property was improved with a one-story building. The defendants' predecessor subsequently added a second story.
In or around March 2011, the plaintiff commenced this action against the defendants, seeking, in the first cause of action, to recover damages for conversion, and in the third cause of action, to recover damages for various alleged breaches of the lease. In or around April 2011, the defendants moved to dismiss the complaint pursuant to CPLR 3211(a), which motion was denied. The defendants subsequently moved, inter alia, for summary judgment dismissing the first and third causes of action. In an order dated February 29, 2016, the Supreme Court, inter alia, in effect, denied those branches of the defendants' motion.
Contrary to the Supreme Court's conclusion, its prior denial of the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint did not, under the law of the case doctrine, preclude review of the defendants' current motion for summary judgment (see Borawski v Abulafia, [*2]140 AD3d 817, 817-818; State of New York v Barclays Bank of N.Y., 151 AD2d 19, 20-21). In any event, this Court is not bound by the doctrine of law of the case (see Precision Window Sys., Inc. v EMB Contr. Corp., 149 AD3d 883, 884; Ramanathan v Aharon, 109 AD3d 529, 531).
The defendants demonstrated, prima facie, that the cause of action alleging conversion is time-barred (see CPLR 214[3]; Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 44; Matter of Imperato, 149 AD3d 1072, 1075; Matter of Chung Li, 95 AD3d 881, 882). In opposition, the plaintiff failed to raise a triable issue of fact.
The defendants demonstrated, prima facie, that they did not breach the lease by constructing the second story, by allegedly failing to provide the plaintiff with notice of the construction of the second story, or by allegedly failing to obtain the plaintiff's consent to construct the second story. "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569; see Matter of Jacobs v Cartalemi, 156 AD3d 635, 639). "Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162; see Amrusi v Nwaukoni, 155 AD3d 814, 816).
Here, pursuant to Article 3 of the lease, the defendants, at their own expense, were permitted to "make alterations, installations, additions or improvements," both "structural" and "non-structural," to the Property. Before making any alterations, additions, installations, or improvements, the defendants were obligated to "obtain all permits, approvals and certificates required by any governmental or quasi-governmental bodies and (upon completion) certificates of final approval thereof." The defendants were obligated to "deliver promptly duplicates of all such permits, approvals, and certificates" to the plaintiff "upon request." Therefore, under the plain language of the lease, the defendants were authorized to construct a second floor addition to the building on the Property and to obtain all of the requisite permits, approvals, and certificates without the plaintiff's knowledge or consent. The defendants also demonstrated, prima facie, that they obtained all of the necessary permits, approvals, and certificates in connection with the construction of the second story. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff could not rely on deposition testimony to alter the unambiguous terms of the lease or to raise an issue of fact regarding the parties' intent (see Krystal Investigations & Sec. Bur., Inc. v United Parcel Serv., Inc., 35 AD3d 817, 818; Kailasanathan v Mysorekar, 234 AD2d 425, 427).
Further, in support of their motion for summary judgment, the defendants demonstrated, prima facie, that the terms of the lease expressly permitted them to sublease the Property to a subtenant without the plaintiff's consent. In opposition, the plaintiff failed to raise a triable issue of fact.
However, in support of their motion for summary judgment, the defendants failed to demonstrate, prima facie, that they obtained all of the insurance that was required under the lease, and that they provided the plaintiff with evidence that they obtained all of the insurance that was required under the lease. The defendants cannot meet their prima facie burden by pointing to alleged gaps in the plaintiff's evidence (see generally Vumbico v Estate of Wiltse, 156 AD3d 939, 940; Feldberg v Skorupa, 151 AD3d 1016, 1017).
We do not consider the defendants' contention that the cause of action seeking to recover damages for breach of the lease was time-barred, since that contention was improperly raised for the first time in their reply papers before the Supreme Court (see State of New York v Defoe Corp., 149 AD3d 889; Matter of Krausz v Ashkenazi, 147 AD3d 949; Djoganopoulos v Polkes, 67 AD3d 726, 727; Luft v Luft, 52 AD3d 479, 480).
The parties' remaining contentions are either without merit or improperly raised for the first time on appeal.
Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action to recover damages for conversion and breach of the lease except to the extent that the cause of action to recover damages for breach of the lease was predicated upon the defendants' alleged failure to obtain [*3]insurance required by the lease and to provide the plaintiff with proof thereof.
BALKIN, J.P., SGROI, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court