Time to Care Pharm. Inc. v American Tr. Ins. Co. (2024 NY Slip Op 50126(U))

[*1]

Time to Care Pharm. Inc. v American Tr. Ins. Co.

2024 NY Slip Op 50126(U)

Decided on January 17, 2024

District Court Of Suffolk County, Second District

Hennings, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 17, 2024
District Court of Suffolk County, Second District

Time to Care Pharmacy Inc., a/a/o MALIK BROOMES, Petitioner,

against
American Transit Insurance Co., Respondent.

Index No. CV-0538-23/BA

Attorney for the petitioner is Jason Tenenbaum, Esq.

Paul E. Hennings, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of petitioner's petition numbered 1 to 5 read on this motion by petitioner for an order confirming the Master Arbitration Award that affirmed the Arbitration Award below by Notice of Petition/Order to Show Cause and petitioner's papers 1-5 ; Notice of Cross Motion and supporting papers; Answering Affidavits and supporting papers ; Replying Affidavits and supporting papers; Filed papers ; Other; (and after hearing counsel and/or parties in support of and opposed to the motion), and due deliberation and consideration having been had therein, the Decision and Order of the Court on the petition is as follows:
it is
ORDERED that the unopposed petition, pursuant to CPLR 7510, timely seeking Confirmation of the Master Arbitration Award of Toby Susan DeSimone, Esq. ("DeSimone") rendered on 04/27/2023, and mailed on 05/01/2023 ("delivery date"), is GRANTED, DeSimone having been duly appointed by the Superintendent of Insurance and designated by the American Arbitration Association pursuant to the Regulations promulgated by the Superintendent of Insurance as 11 NYCRR §65-4.10, which application was made within one year after delivery below of said award to petitioner, which award has not been vacated or modified upon a ground specified in CPLR 7511 (see CPLR 7510; see also Matter of Neiss v Asia, 164 AD3d 1344, 1345 [2nd Dept 2018]). 
The Master Arbitration Award reviewed and affirmed in its entirety the Arbitration Award below, heard on 12/13/2022 and affirmed on 01/12/2023, of the Arbitrator Inez Beyrer, which was entered in favor of petitioner, TIME TO CARE PHARMACY INC., a/a/o MALIK BROOMES, as against respondent, in accordance with the Rules for New York State No-Fault Arbitration adopted pursuant to regulations promulgated by the Superintendent of Insurance.
More than 21 days has elapsed since the Master Arbitration Award was issued and mailed on 05/01/2023 ("date of delivery"), and the amounts set forth in the Master Arbitration Award is now due and owing (see 11 NYCRR §65-4.10[e][4]).
The Arbitration Award is confirmed in favor of petitioner as against respondent, in the following sums: (i) Principal sum in the amount of $3,381.36; (ii) Interest on the Principal at 2% per month from 09/28/2021 until entry of a judgment in accordance with Insurance Law §5106(a); (iii) Attorney Fee in the sum of 20% of the principal and interest to a maximum of $1,360.00; (iv) Arbitration Filing Fee in the amount of $40.00 (see 11 NYCRR §65-4.10[e][1][ii][b]); (v) Master Arbitration Fee in the sum of $195.00 (see 11 NYCRR §65-4.10[e] [1][ii][a]); (vi) Additional Attorney Fee pursuant to Insurance Department Regulations (see 11 NYCRR §65-4.10[j][4]), for services rendered in a Court appeal from a Master Arbitration Award, to be fixed by the Court adjudicating the matter (see Geico Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703 [2nd Dept 2017]); and it is further
ORDERED that the unopposed petition for an order awarding additional attorney fees for post arbitration proceedings, is GRANTED. Petitioner is granted additional attorney fees in the sum of $1,000.00 (see 11 NYCRR §65-4.10[j][4]; see also D&W Cent. Stat. Fire Alarm Co. Inc. v United Props. Corp., 34 Misc 3d 85 [App Term, 2nd Dept, 11th & 13th Jud Dists 2012]).
The standard of review for an arbitration award is limited to a determination of whether the award was arbitrary, capricious and incorrect as a matter of law. A master arbitrator's powers in reviewing an initial arbitrator's decision are limited to the grounds stated in CPLR 7511, and additionally, under insurance regulations, is limited to whether the initial arbitrator ruled on factual and procedural issues in a manner that was arbitrary, capricious, irrational or without a plausible basis (see Matter of Petrofsky v Allstate Ins. Co., 54 NY2d 207, 211 [1981]; In the Matter of Allstate Ins. Co. v Keegan, 201 AD2d 724 [2nd Dept 1994]).
If a challenge is based upon a factual error in the arbitration, "the master arbitrator must uphold the determination if it has a rational basis" (see In the Matter of Richardson v Prudential Prop. & Cas. Ins. Co., 230 Ad2d 861 [2nd Dept 1996]). Moreover, an arbitrator's award must be upheld "when the arbitrator 'offer[s] even a barely colorable justification for the outcome reached'" (see In the Matter of Susan D. Settenbrino. P.C. v Barroga-Hayes, 89 AD3d 1094, 1095 [2nd Dept 2011]). Indeed, for an award to be irrational, there must be "no proof whatsoever to justify the award" (see In the Matter of Gaymon v MTA Bus Co., 117 AD3d 735, 736 [2nd Dept 2014]; In the Matter of Susan D. Settenbrino. P.C. v Barroga-Hayes, supra ). However, "an arbitrator is not bound by principles of substantive law or rules of evidence, and may do justice and apply his or her own sense of law and equity to the facts as he or she finds them to be" (Id. at 1095).
Here, the Court determines that the Master Arbitrator found that the lower arbitrator decided the claim based upon her review and evaluation of the record, with pertinent case law, and further found the award below was clearly articulated and had a rational and plausible basis in the evidence. Moreover the Master Arbitrator further found there was no evidence presented which would establish any valid ground to set aside the award of the lower arbitrator, and found no reason to disturb her decision, thereby affirming the lower arbitration award in its entirety.
After due consideration, the Court agrees with the findings of the Master Arbitrator and finds that the record demonstrates there was a rational basis for the initial arbitrator's decision and the award was justified. In addition, the Master Arbitration Award was supported by sufficient evidence in the record, and was not arbitrary, capricious, irrational or incorrect as a [*2]matter of law.
The foregoing constitutes the decision and order of this Court. Submit Judgment.
Dated: January 17, 2024
J.D.C.