■ In the Matter of the Arbitration between JACK PERL, Appellant, and GENERAL FIRE AND CASUALTY COMPANY, Respondent.— Order entered October 22, 1969, denying petitioner's motion to vacate arbitrator's award affirmed, with $50 costs and disbursements to the respondent. The arbitration was held pursuant to a clause in an insurance policy under which petitioner was the insured. An award was made unfavorable to petitioner. After the award petitioner brought on the instant motion on the ground that the arbitrator should have made certain disclosures. It appears that the arbitrator is an attorney. His practice consists of the representation of insurance companies, though in what particular aspect does not appear, and he also has an interest in a company which provides an investigatory service for insurance companies. It is not claimed that the arbitrator ever represented or had any dealings with the respondent company or that the respondent ever subscribed to the services which the investigatory company provided. In short, there is no claim of disqualification by virtue of interest or connection. What is claimed is that the arbitrator's practice and experience would tend to make him partial to insurance companies and that, regardless of whether this predilection did in fact influence the arbitrator, his failure to make disclosure vitiates the award. The rules of the American Arbitration Association under which the arbitration was held state what disclosures must be made (§ 13). They consist of two factors: relationship with any party, and any circumstance likely to create a presumption of bias. Practically ever since arbitration has come to be an approved method of determining controversies it has been recognized that familiarity with the field in which the dispute lies is a highly desirable qualification for an arbitrator. " Knowledge of a business and the methods used therein may be of great value in reaching a just result because of the ability of an arbitrator to apply such knowledge to the facts " (*Matter of Newburger* [*Rose*], 228 App. Div. 526, 529). In no other way except by activity in the particular field can such knowledge be gained. So it has been recognized that occasional contacts even with one of the parties to the arbitration are neither grounds for disqualification nor dictate a necessity for disclosure (*Matter of Cross Props.* [*Gimbel Bros.*], 15 A D 2d 913, affd. 12 N Y 2d 806). This has special emphasis in regard to an attorney who practices in a certain field and represents clients in the same category as one of the parties to the arbitration (*Matter of Kessler* [*MVAIC*], 49 Misc 2d 547). The dissent would remand the matter for a hearing. Nothing is alleged or even suggested to indicate that a hearing would reveal anything that would in any way change the situation. Concur — Stevens, P. J., Steuer and Tilzer, JJ.; Eager and Nunez, JJ., dissent in the following memorandum by Eager, J.: The concealment or failure to disclose a personal interest or a relationship having a tendency to influence an arbitrator in his determination of the controversy submitted to him is a matter quite different from the actual existence of a disqualifying interest or relationship. (See BREITEL, J., dissenting in *Matter of Astoria Med. Group* [*Health Ins. Plan*], 13 A D 2d 288, revd. 11 N Y 2d 128.) Where an arbitrator appointed as a neutral possesses knowledge at the time of his appointment of any interest or relationship on his part that could reasonably raise an inference of bias, he is bound

to disclose the same to the parties. (*Commonwealth Corp.* v. *Casualty Co.*, 393 U. S. 145, rehearing den. 393 U. S. 1112; *Matter of Knickerbocker Textile Corp.* [*Sheila-Lynn*], 172 Misc. 1015, affd. 259 App. Div. 992; cf. *Rogers* v. *Schering Corp.*, 165 F. Supp. 295, 301, affd. 271 F. 2d 266.) Here, also, the rules governing the arbitration required that the arbitrator "disclose any circumstance likely to create a presumption of bias or which he believes might disqualify him as an impartial Arbitrator". (American Arbitration Association Rules applicable to Accident Claims Tribunals, § 13.) "It is true that arbitrators cannot sever all their ties with the business world, since they are not expected to get all their income from their work deciding cases, but we should, if anything, be even more scrupulous to safeguard the impartiality of arbitrators than judges, since the former have completely free rein to decide the law as well as the facts and are not subject to appellate review. We can perceive no way in which the effectiveness of the arbitration process will be hampered by the simple requirement that arbitrators disclose to the parties any dealings that might create an impression of possible bias." (*Commonwealth Corp.* v. *Casualty Co.*, supra, pp. 148–149; see, also, *Matter of Knickerbocker Textile Corp.* [*Sheila-Lynn*], supra.) Here, at the very least, there was a showing by the petitioner of facts and circumstances requiring the court to remand for a hearing to determine whether or not the arbitrator possessed such an interest or relationship that the same should have been disclosed to the petitioner prior to the conducting of the arbitration hearing. There is authority for such a remand. (See *Matter of Wersba* [*Cobb*], 254 App. Div. 481; *Matter of Shirley Silk Co.* [*American Silk Mills*], 257 App. Div. 375, 377–378.) I would reverse the order of the court denying the application to vacate the award and remand the matter for a hearing.