Chief Judge Breitel
(concurring). I agree that there should be a reversal but prefer not to go beyond the reasons which are necessary to the conclusion. Parties, in the absence of grossly unequal bargaining power, duress, fraud, overreaching, or illegality, are free to choose their own arbitrators. The relationship of the arbitrators, if disclosed, is not a disqualifi *692 cation. Indeed, it is within the power of the parties, and it may even seem desirable to them, to choose an arbitrator because of his relationship, or, despite his relationship, because of confidence in his ability and fairness (see Hodges Int. v Rembrandt Fabrics, 44 AD2d 77, 79; Matter of Perl [General Fire & Cas. Co.], 34 AD2d 748; cf. Matter of Astoria Med. Group [Health Ins. Plan of Greater N. Y.], 11 NY2d 128, 136, 138). That is really all there is to this appeal.
It is true that CPLR makes no provision for disqualification of arbitrators (CPLR art 75, esp 7503). But I have no doubt that a selection which would be a nullity for whatever reason, as, for example, mental incompetence, identity with a party, or the like, would leave the matter without an agreed arbitrator and the selection, on application, would devolve on the court (CPLR 7504).
Once it is held that the designation of the arbitrators is lawful it is inappropriate to lecture them or hector them on ethical alternatives and options. However diplomatically stated, these fulminations become a menace of a kind, perhaps intentionally, which may deprive the arbitrators of the fortitude and independence which they, like Judges, are supposed to possess. It is enough to say that an award, if rendered, may be set aside for demonstrated partiality, excess of power, or improper conduct (CPLR 7511).
Accordingly, I concur and vote to reverse and dismiss the petition, without costs.
Judges Gabrielli, Wachtler and Cooke concur with Judge Fuchsberg; Chief Judge Breitel concurs in a separate opinion in which Judges Jasen and Jones concur.
Order reversed, without costs, and petition dismissed.