■ In the Matter of THOMAS CONROY, Appellant, v COUNTRY WIDE INSURANCE COMPANY, Respondent.—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the appeal is from a judgment of the Supreme Court, Kings County, dated September 6, 1979, which denied the application. Judgment affirmed, with $50 costs and disbursements. Petitioner, a New York City sanitation man, was injured when the city motor scooter he was operating was struck by another vehicle insured by respondent. Petitioner received his salary while out of work pursuant to section 752-7.1 of the Administrative Code of New York City, which was incorporated into the collective bargaining agreement between the city and petitioner's union. Petitioner also filed for no-fault benefits under the policy issued by respondent. When respondent failed to pay, petitioner demanded arbitration of his claim. A hearing was held on March 8, 1979 before an arbitrator selected by the American Arbitration Association [hereinafter the AAA]. Petitioner contended that section 671 of the Insurance Law, as it then read, permitted the double recovery. At the conclusion of the hearing, the arbitrator indicated to petitioner's counsel that he had rejected petitioner's argument in a similar case which he had previously decided. Petitioner's counsel thereupon asked that the arbitrator refrain from making an award until counsel had the opportunity to request the AAA to disqualify him as arbitrator. The AAA reaffirmed the arbitrator's appointment in a letter to both parties dated April 6, 1979. Subsequently, the AAA wrote to the parties advising that the arbitrator needed an additional five weeks in which to render an award. Petitioner immediately objected. The arbitrator rendered an award dated May 9, 1979 finding that the petitioner was not entitled to a recovery from the respondent to the extent that the city had paid his wages and medical bills. This proceeding followed. Petitioner argues that the award should have been vacated since the arbitrator's decision was infected by an error of law. We find that the award was not so irrational as to warrant vacatur (see *Matter of Garcia v Federal Ins. Co.,* 46 NY2d 1040; *Matter of Furstenberg [Aetna Cas. & Sur. Co.],* 49 NY2d 757; cf. *Matter of Zerella [City of New York],* NYLJ, Sept. 29, 1978, p 4, col 2). Our decision in *Matter of McKenna v County of Nassau Off. of County Attorney* (75 AD2d 815) is not inconsistent with our present holding. That case posed the converse question in a factually similar context, i.e., whether an arbitration award which did *not* deduct for wages received under a statutory wage continuation plan was wholly irrational. We held that it was not. Petitioner also contends that the award should be vacated in view of the arbitrator's partiality. However, petitioner does not allege the existence of some relationship with a party or any other factor likely to support the claim of bias (see *Matter of Perl [General Fire & Cas. Co.],* 34 AD2d 748). Instead, petitioner claims that the arbitrator's prior ruling in a previous case not involving the same parties predetermined his decision in the present matter. The selection of an experienced arbitrator necessarily entails the risk that

he has already encountered the question of law which might arise (cf. *Matter of Perl [General Fire & Cas. Co.], supra*). To hold that such a prior decision makes out a claim of partiality (see CPLR 7511, subd [b], par 1, cl [ii]) would be to turn that ground for vacatur into a vehicle for "forum-shopping" among arbitrators. Any claim that the award was not rendered within the 30-day limit was waived. Hopkins, J. P., Titone, Mangano and Rabin, JJ., concur.