■ ARTISTS & CRAFTSMEN BUILDERS, LTD., et al., Respondents, v JULES W. SCHAPIRO, Appellant. [648 NYS2d 550] —Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered March 11, 1996, which vacated an arbitration award dated December 15, 1995, in favor of the respondent-appellant in the principal sum of $75,000, unanimously reversed, on the law, with costs, and the arbitration award reinstated.

It is not disputed that the arbitrator made complete disclosure of his prior contact with Jacques Gerstenfeld, the witness petitioner Belfor belatedly sought to call, upon first mention of Gerstenfeld's name, during petitioner's questioning of another one of his witnesses well into the hearings on the matter. The petitioner had not included Gerstenfeld on his witness list, and, in response to the arbitrator's inquiry as to whether he then intended to call Gerstenfeld, petitioner answered that he did not. Petitioner and respondent thereafter consented to the

arbitrator's continued service. The arbitrator informed his case administrator. of the situation: verbally and in a letter which was forwarded to the parties. Therein, the arbitrator stated that Gerstenfeld sublet space in an office which the arbitrator shared with another architect, that the space was used primarily as a mail drop and that, while he saw Gerstenfeld at the office every two to three weeks, he, in fact, never worked on a project with Gerstenfeld, did not know the precise nature of Gerstenfeld's work and never discussed arbitration with him. Thereafter, when the arbitrator refused petitioner's request to subpoena Gerstenfeld, petitioner sought to disqualify the arbitrator. That request was denied by the case administrator.

It is well settled that occasional associations between an arbitrator and a party or witness will not warrant disqualification of the arbitrator on the ground of the appearance of bias or partiality (*Matter of Quentzel Plumbing Supply Co. v Quentzel*, 193 AD2d 678, 679). It must be shown that the arbitrator and the party or witness have some ongoing relationship (*supra*). An application seeking vacatur of an arbitration finding for bias may be granted only if the court finds that the rights of the moving party were prejudiced by partiality of the arbitrator (*Rose v Lowrey & Co.*, 181 AD2d 418, 418-419). Consequently, a party seeking vacatur of the arbitration award must meet a heavy burden (*North Syracuse Cent. School Dist. v North Syracuse Educ. Assn.*, 45 NY2d 195, 200). We find, that under the circumstances herein, petitioner failed to meet his burden, inasmuch as the nature of the past contacts between the arbitrator and the witness was insufficient to support a finding that there was an appearance of bias or partiality created by the arbitrator's refusal of petitioner's belated request to subpoena Mr. Gerstenfeld. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Andrias, JJ.