In the Matter of the Arbitration between MOHAWK VALLEY COMMUNITY COLLEGE, Appellant, and MOHAWK VALLEY COMMUNITY COLLEGE PROFESSIONAL ASSOCIATION, Respondent. [814 NYS2d 428]—

Appeal from an order and judgment (one paper) of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered December 16, 2004 in a proceeding pursuant to CPLR article 75. The order and judgment, insofar as appealed from, denied the petition to vacate the arbitrator's award and granted respondent's cross motion insofar as it sought to confirm that part of the award granting back pay and expenses for health insurance to a member of respondent's bargaining unit from August 15, 2003 until such time as petitioner produced information specified in the award.

It is hereby ordered that the order and judgment so appealed

from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner appeals from that part of the order and judgment in this proceeding pursuant to CPLR article 75 that denied its petition seeking to vacate the arbitrator's award and granted respondent's cross motion insofar as it sought to confirm that part of the award granting back pay and expenses for health insurance to the professor at issue until such time as petitioner produced information specified in the award. We affirm. It is well settled that "it is not for the courts to interpret the substantive conditions of [a collective bargaining agreement] or to determine the merits of the dispute" (*Board of Educ., Lakeland Cent. School Dist. of Shrub Oak v Barni,* 51 NY2d 894, 895 [1980], *rearg denied* 52 NY2d 829 [1980]). Petitioner failed to meet its heavy burden of establishing that the award is "violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit],* 70 NY2d 907, 909 [1987]; *see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO,* 6 NY3d 332 [2005]). We reject petitioner's contention that the award is punitive and thus is violative of public policy. Although petitioner is correct that an award that imposes punitive damages "would violate strong public policy" (*Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 356 [1976]; *see Matter of Dreyfus Serv. Corp. [Kent],* 183 AD2d 446 [1992], *lv denied* 81 NY2d 701 [1992]), here there was no award of punitive damages. Rather, the record establishes that the award was intended to compensate the professor at issue for the losses he sustained based on petitioner's failure to comply with the terms of the collective bargaining agreement, and the court therefore properly concluded that the award was compensatory rather than punitive (*see Matter of County of Steuben [Civil Serv. Employees' Assn., Inc., Local 1000, AFSCME, AFL-CIO],* 292 AD2d 810 [2002], *lv denied* 98 NY2d 606 [2002]).

Also contrary to petitioner's contention, the arbitrator did not exceed his powers under the collective bargaining agreement by his award. The award was not in violation of any "specifically enumerated limitation on the arbitrator's power" (*Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.,* 78 NY2d 33, 37 [1991]; *see* CPLR 7511 [b] [1]), nor did it give a " 'completely irrational construction to the provisions in dispute and, in effect, [make] a new [collective bargaining agreement] for the parties' " (*Matter of Pine Plains Cent. School Dist. v Kimball,* 272 AD2d 332, 333

[2000], quoting *Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 383 [1960]). Furthermore, petitioner concedes that back pay was properly sought by the professor at issue in a related arbitration, thereby conceding that such an award was contemplated by the collective bargaining agreement.

We have considered petitioner's remaining contentions and conclude that they are without merit. Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.