■ WAYNE C. BARNES, Appellant, v WASHINGTON MUTUAL BANK, FA, Respondent. [835 NYS2d 564]—

Judgment, Supreme Court, New York County (Marcy S. Friedman, J.), entered April 7, 2006, which, to the extent appealed from as limited by the briefs, dismissed on the merits this proceeding to vacate an arbitration award, unanimously affirmed, without costs.

Petitioner fails to assert any recognized basis for vacating the award, such as by demonstrating that it was tainted by fraud, corruption, bias or misconduct (*see Local 375, Dist. Council 37, AFSCME, AFL-CIO v New York City Health & Hosps. Corp.*, 257 AD2d 530, 532 [1999]). Rather, the evidence shows that the arbitrator afforded petitioner considerable latitude during the proceedings, including permission to submit four sets of amended pleadings.

The record does not support petitioner's assertion that the arbitrator improperly granted respondent's motion for summary dismissal. Paragraph 8 of the arbitration agreement explicitly empowered the arbitrator to "entertain a motion to dismiss and/or a motion for summary adjudication by any party." Thus, the arbitrator did not exceed any specifically enumerated power in entertaining the motion.

Furthermore, the arbitrator did not act irrationally in concluding that petitioner had been afforded a fair opportunity to conduct discovery prior to entry of the decision on the motion for summary judgment. The arbitrator noted that petitioner himself had requested the discovery process be "curtailed and

condensed" and the hearing moved forward to late February 2005. Nevertheless, the arbitrator permitted the parties several months to engage in discovery prior to the scheduled hearing, affording petitioner almost five additional months to demonstrate the existence of any triable issues of fact. The arbitrator noted, in fact, that petitioner had "gotten far more than he has given, not only in quantity but also quality of information exchanged"; that respondent had produced over 300 pages of documents in response to petitioner's discovery requests even while petitioner failed to honor his commitment to produce a box of papers and to sign authorization forms for the release of other documents by third parties.

Petitioner's subjective belief that the arbitrator's rulings favored respondent does not create an actual or perceived conflict of interest between the arbitrator and respondent that prejudiced petitioner's rights (see *Artists & Craftsmen Bldrs. v Schapiro*, 232 AD2d 265 [1996]). Petitioner's assertion that the arbitrator engaged in misconduct by not permitting him to conduct depositions is insufficient to warrant vacatur where petitioner failed to raise this argument previously, the arbitrator did not in fact preclude petitioner from conducting depositions, and the arbitrator provided petitioner numerous opportunities to furnish material and pertinent evidence in opposition to the motion for summary judgment. Concur—Saxe, J.P., Nardelli, Gonzalez, Sweeny and Catterson, JJ.