In the Matter of the Arbitration between TRESSIA D. MAYS-CARR, Appellant, and STATE FARM INSURANCE COMPANY, Respondent. [842 NYS2d 835]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered April 20, 2006 in a proceeding pursuant to CPLR article 75. The order denied the petition seeking to set aside an arbitration award and seeking a new hearing before a different arbitrator.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner appeals from an order in this proceeding pursuant to CPLR article 75 denying her petition seeking to set aside an arbitration award and seeking a new hearing before a different arbitrator. According to petitioner, the arbitrator exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made, and he was not impartial (*see* CPLR 7511 [b] [1] [ii], [iii]). We affirm.

It is well settled that an arbitrator exceeds his or her power "only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]; *see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984], *rearg denied* 62 NY2d 803 [1984]; *Matter of Mohawk Val. Community Coll. [Mohawk Val.*

*Community Coll. Professional Assn.]*, 28 AD3d 1140, 1141 [2006]). We reject the contentions of petitioner that the arbitrator exceeded his power or imperfectly executed it because she sustained injuries, whether serious or not, and the arbitrator determined that she was not entitled to an award for economic loss in excess of her basic economic loss. We note that, although the arbitrator properly determined that petitioner did not sustain a serious injury, it is immaterial whether petitioner in fact was required to establish that she sustained a serious injury. "[A]bsent [a] provision in the arbitration clause itself, an arbitrator is not bound by principles of substantive law or by rules of evidence" (*Silverman*, 61 NY2d at 308), and here there was no such provision. Further, this Court may not substitute its judgment for that of the arbitrator (*see generally Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 83 [2003]). The only relevant inquiry before the court is whether the arbitrator's determination that petitioner did not sustain a serious injury and that she was not entitled to an award for economic loss in excess of her basic economic loss is irrational, and here it cannot be said that the arbitrator's determination is irrational. Indeed, there is ample support in the record for that determination. We note in particular that petitioner asserted in her bill of particulars, which was before the arbitrator, that "[a]ll lost wages were reimbursed" and, in the absence of a finding of a permanent injury disabling her from her employment, there was no basis for an award for future lost wages. Thus, there is a rational basis for the arbitrator's award in favor of respondent, and Supreme Court properly refused to vacate it on the grounds that the arbitrator exceeded his power or imperfectly executed it (*see Mohawk Val. Community Coll.*, 28 AD3d at 1141-1142).

We reject petitioner's further contention that the arbitrator's award should be vacated based on the alleged partiality of the arbitrator. "Partiality of an arbitrator 'may be shown by actual bias or the appearance of bias from which a conflict of interest may be inferred' " (*Matter of County of Niagara v Bania*, 6 AD3d 1223, 1225 [2004]; *see Matter of City School Dist. of Oswego [Oswego Classroom Teachers Assn.]*, 100 AD2d 13, 17 [1984]). Here, petitioner's allegations of bias and purported conflicts of interest are wholly speculative, and the fact that petitioner's attorney and other attorneys may have received adverse determinations from this arbitrator is not, by itself, a basis for concluding that he is not impartial (*see generally Matter of Conroy v Country Wide Ins. Co.*, 75 AD2d 852 [1980], *lv denied* 51 NY2d 707 [1980]). Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.