■ In the Matter of ANTHONY DENARO, Appellant, v ERNEST CRUZ, Respondent. [981 NYS2d 585]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated March 19, 2012, directing the petitioner to refund the sum of $3,837.50 in attorney's fees to the respondent, the petitioner appeals from an order of the Supreme Court, Nassau County (McCormack, J.), dated September 14, 2012, which denied the petition.

Ordered that the order is affirmed, with costs.

A party seeking to overturn an arbitration award on one or

more grounds stated in CPLR 7511 (b) (1) bears a "heavy burden" (*Matter of Local 295-295C, IUOE v Phoenix Envtl. Servs. Corp.*, 21 AD3d 901, 901 [2005]; *see Matter of Allstate Ins. Co. v Valeri*, 221 AD2d 337, 338 [1995]), and must establish a ground for vacatur by clear and convincing evidence (*see Matter of Susan D. Settenbrino, P.C. v Barroga-Hayes*, 89 AD3d 1094, 1096 [2011], *cert denied* 568 US —, 133 S Ct 572 [2012]).

"Partiality of an arbitrator may be shown by actual bias or the appearance of bias from which a conflict of interest may be inferred" (*Matter of Mays-Carr [State Farm Ins. Co.]*, 43 AD3d 1439, 1440 [2007] [internal quotation marks omitted]; *see Matter of County of Niagara v Bania*, 6 AD3d 1223, 1225 [2004]). Here, the petitioner failed to establish that the arbitrator was biased (*see Matter of Mays-Carr [State Farm Ins. Co.]*, 43 AD3d at 1440).

The petitioner also failed to satisfy his burden of establishing by clear and convincing evidence that the award should be overturned on the ground that he was prejudiced by a failure on the part of the arbitrator to follow proper procedure (*see* CPLR 7506 [c]; 7511 [b] [1] [iv]; *Matter of Mounier v American Tr. Ins. Co.*, 36 AD3d 617, 617-618 [2007]). Specifically, the petitioner failed to establish that it was improper for the arbitrator to commence the hearing in his absence (*see* CPLR 7506 [c]; 22 NYCRR 137.6 [h]; *Matter of Susan D. Settenbrino, P.C. v Barroga-Hayes*, 89 AD3d at 1096), and the petitioner's allegations regarding improprieties at the hearing after he arrived were without merit (*see Matter of Mounier v American Tr. Ins. Co.*, 36 AD3d at 617-618). Eng, P.J., Balkin, Sgroi and Cohen, JJ., concur.