BENOJ DAVID, Plaintiff, v JORGE BYRON et al., Defendants. FINKELSTEIN & PARTNERS, LLP, Nonparty Appellant; THE FLOMENHAFT LAW FIRM, PLLC, Nonparty Respondent. [14 NYS3d 91]—

In an action to recover damages for personal injuries and medical malpractice, nonparty Finkelstein & Partners, LLP, appeals, as limited by its brief, from so much an order of the Supreme Court, Rockland County (Berliner, J.), dated March 14, 2014, as granted the motion of nonparty The Flomenhaft Law Firm, PLLC, to vacate an arbitration award dated March 6, 2013, and denied its cross motion to confirm the arbitration award.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion to vacate the arbitration award is denied, the cross motion to confirm the arbitration award is granted, the arbitration award is reinstated and confirmed, and the matter is remitted to the Supreme Court, Rockland County, for the entry of an appropriate judgment (*see* CPLR 7511 [e]; 7514 [a]).

Following a settlement in this action, the plaintiff's present counsel, The Flomenhaft Law Firm, PLLC (hereinafter FLF), moved to compel a hearing on the apportionment of legal fees between it and the plaintiff's former counsel, Finkelstein & Partners, LLP (hereinafter F&P). The Supreme Court granted the motion. Thereafter, FLF and F&P agreed to arbitrate their dispute over the apportionment of the legal fees. The arbitrator apportioned the legal fees by awarding the sums of $600,000 to F&P and $133,254 to FLF. FLF moved pursuant to CPLR 7511 (b) (1) to vacate that award on the grounds that the arbitrator acted with bias or the appearance of partiality (*see* CPLR 7511 [b] [1] [ii]), exceeded his authority in making the award (*see* CPLR 7511 [b] [1] [iii]), and engaged in misconduct (*see* CPLR 7511 [b] [1] [i]). F&P cross-moved to confirm the award. In the order appealed from, the Supreme Court, inter alia, granted FLF's motion to vacate the arbitration award and denied F&P's cross motion to confirm the award. We reverse the order insofar as appealed from.

"It is well settled that judicial review of arbitration awards is extremely limited" (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006]). "A party seeking to overturn an arbitration award on one or more grounds stated in CPLR 7511 (b) (1) bears a heavy burden, and must establish a ground for vacatur by clear and convincing evidence" (*Matter of Denaro v Cruz*, 115 AD3d 742, 742-743 [2014] [internal quotation marks and citations omitted]; *see Matter of Government Empls. Ins. Co. v Schussheim*, 122 AD3d 849, 849-850 [2014]).

An arbitrator's partiality may be established by an actual bias or the appearance of bias from which a conflict of interest may be inferred (*see Matter of Denaro v Cruz*, 115 AD3d at 743; *Matter of Mays-Carr [State Farm Ins. Co.]*, 43 AD3d 1439, 1440 [2007]). Here, at the arbitration hearing, F&P submitted a letter prepared by a mediator, detailing a mediation session that he supervised in the underlying action, which the arbitrator relied upon, among other things, in reaching his award. Contrary to FLF's contention, the fact that both the mediator and arbitrator were former Supreme Court Justices who served overlapping terms in the Ninth Judicial District, standing

alone, did not constitute clear and convincing evidence of actual bias or the appearance of bias on the part of the arbitrator (*see Matter of Denaro v Cruz*, 115 AD3d at 743; *Matter of Klein v GEICO Gen. Ins. Co.*, 109 AD3d 825, 826 [2013]; *Matter of Balis v Chubb Group of Ins. Cos.*, 50 AD3d 682, 683 [2008]; *Artists & Craftsmen Bldrs. v Schapiro*, 232 AD2d 265, 266 [1996]; *Matter of Henry Quentzel Plumbing Supply Co. v Quentzel*, 193 AD2d 678, 679 [1993]). Moreover, contrary to FLF's contention, it failed to present clear and convincing evidence that the arbitrator exceeded his power in issuing the award (*see* CPLR 7511 [b] [1] [iii]), or that he engaged in misconduct (*see* CPLR 7511 [b] [1] [i]; *Matter of Aftor v Geico Ins. Co.*, 110 AD3d 1062, 1064 [2013]; *Matter of Klein v GEICO Gen. Ins. Co.*, 109 AD3d 825 [2013]; *Matter of Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester*, 81 AD3d 966, 967 [2011]).

Accordingly, the Supreme Court should have denied FLF's motion to vacate the award and granted F&P's cross motion to confirm it. The arbitration award must be reinstated and confirmed, and the matter must be remitted to the Supreme Court, Rockland County, for the entry of an appropriate judgment. Mastro, J.P., Chambers, Roman and LaSalle, JJ., concur.