Jurcec v Moloney (2018 NY Slip Op 06233)





Jurcec v Moloney


2018 NY Slip Op 06233


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-01495
2017-01496
 (Index No. 5387/09)

[*1]Marjan Jurcec, respondent, 
v
Michael P. Moloney, appellant, et al., defendant.


Richard T. Lau & Associates, Jericho, NY (Nancy S. Goodman of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Michael P. Moloney appeals from (1) an order of the Supreme Court, Queens County (Valerie Brathwaite Nelson, J.), dated December 2, 2015, and (2) an order of the same court (Rudolph E. Greco, Jr., J.), dated August 2, 2016. The order dated December 2, 2015, denied the motion of the defendant Michael P. Moloney pursuant to CPLR 7502(a) and 7510 to confirm an arbitration award. The order dated August 2, 2016, insofar as appealed from, upon reargument, adhered to the determination in the order dated December 2, 2015.
ORDERED that the order dated December 2, 2015, is reversed, on the law, the motion of the defendant Michael P. Moloney pursuant to CPLR 7502(a) and 7510 to confirm the arbitration award is granted, and the order dated August 2, 2016, is vacated; and it is further, and it is further,
ORDERED that the appeal from the order dated August 2, 2016, is dismissed as academic in light of our determination on the appeal from the order dated vacated, and; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
On March 10, 2006, the plaintiff allegedly fell while walking in front of premises owned by the defendant Michael P. Moloney, located at Remsen Place in Maspeth, Queens. The plaintiff commenced this action in February 2009.
In August 2014, the parties agreed to submit the dispute to binding arbitration before a national arbitration and mediation hearing officer. Upon completion of the arbitration proceeding on October 23, 2014, the hearing officer issued an award in favor of the defendants and against the plaintiff, based on the plaintiff's inability to establish where the accident happened or to identify what caused him to fall. The defendant Michael P. Moloney moved pursuant to CPLR 7502(a) and 7510 to confirm the award, and the plaintiff opposed the motion on the ground that the award should be vacated. By order dated December 2, 2015, the Supreme Court denied the motion. Moloney then moved for leave to renew and reargue the prior motion. By order dated August 2, 2016, the court, upon reargument, adhered to the determination in the order dated December 2, 2015. Moloney [*2]appeals.
Contrary to Moloney's contention, the fact that the plaintiff failed to move within 90 days to vacate the award does not preclude him from seeking vacatur in opposition to Moloney's motion to confirm the award (see Matter of Brentnall v Nationwide Mut. Ins. Co., 194 AD2d 537, 538; Karlan Constr. Co. v Burdick Assoc. Owners Corp., 166 AD2d 416; State Farm Mut. Auto. Ins. Co. v Fireman's Fund Ins. Co., 121 AD2d 529).
"[J]udicial review of arbitration awards is extremely limited" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). A court is required to grant a timely application to confirm an award "unless the award is vacated or modified upon a ground specified in section 7511" (CPLR 7510). " A party seeking to overturn an arbitration award on one or more grounds stated in CPLR 7511(b)(1) bears a heavy burden, and must establish a ground for vacatur by clear and convincing evidence'" (David v Byron, 130 AD3d 772, 773, quoting Matter of Denaro v Cruz, 115 AD3d 742, 742-743).
Here, the evidence submitted by the plaintiff, consisting of counsel's affirmation and a copy of the award itself, fell short of offering evidentiary facts amounting to clear and convincing evidence of one or more grounds stated in CPLR 7511(b)(1) (see Brewster Excavating Corp. v Woods Assoc., 162 AD2d 490, 491-492). Accordingly, the Supreme Court should have granted Moloney's motion to confirm the arbitration award (see CPLR 7510).
RIVERA, J.P., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court