David v Byron (2020 NY Slip Op 05885)





David v Byron


2020 NY Slip Op 05885


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-02538
 (Index No. 3850/05)

[*1]Benoj David, plaintiff, 
v
Jorge Byron, et al., defendants; The Flomenhaft Law Firm, PLLC, nonparty-appellant; Finkelstein & Partners, LLP, nonparty-respondent.


The Flomenhaft Law Firm, PLLC, New York, NY (Michael Flomenhaft of counsel), nonparty-appellant pro se.
Finkelstein & Partners, LLP, Newburgh, NY (Ann R. Johnson of counsel), nonparty-respondent pro se.



DECISION & ORDER
In an action to recover damages for personal injuries and medical malpractice, nonparty The Flomenhaft Law Firm, PLLC, appeals from a judgment of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated December 19, 2017. The judgment, insofar as appealed from, upon remittitur from this Court following the confirmation of an arbitration award dated March 8, 2013 (see David v Byron, 130 AD3d 772), and upon the denial, upon reargument, of the motion of nonparty The Flomenhaft Law Firm, PLLC, in effect, to modify or vacate the March 8, 2013 arbitration award, is in favor of nonparty Finkelstein & Partners, LLP, and against nonparty The Flomenhaft Law Firm, PLLC, in the principal sum of $600,000. Application by nonparty Finkelstein & Partners, LLP, for the imposition of a sanction and/or costs against the appellant pursuant to 22 NYCRR 130-1.1.
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that the respondent's application is granted to the extent that the appellant is directed to pay a sanction in the sum of $3,000; within 20 days after service of a copy of this decision and order upon it, the appellant shall deposit the sum of $3,000 with the Lawyers' Fund for Client Protection, and file proof of payment with the Clerk of this Court (see 22 NYCRR 130-1.3), and the application is otherwise denied; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
This is a legal fee dispute between the plaintiff's outgoing attorneys, nonparty Finkelstein & Partners, LLC (hereinafter F & P), and incoming attorneys, nonparty The Flomenhaft Law Firm, PLLC (hereinafter FLF), regarding the apportionment of $733,254 in legal fees recovered in the underlying personal injury and medical malpractice action. F & P and FLF agreed to arbitrate the fee dispute and, on March 6, 2013, the arbitrator issued an award, determined on a quantum meruit basis, apportioning $600,000 of the fee to F & P and the remaining $133,254 to FLF (hereinafter the award).
On a prior appeal, this Court reversed an order of the Supreme Court dated March 14, [*2]2014, which had granted FLF's motion to vacate the award, and had denied F & P's cross motion to confirm it (see David v Byron, 130 AD3d 772). We reinstated and confirmed the award (see CPLR 7511[e]; Matter of Exclusive Med. & Diagnostic, P.C. v Government Empls. Ins. Co., 306 AD2d 476), and remitted the matter to the Supreme Court for the entry of an appropriate judgment (see David v Byron, 130 AD3d at 773).
Upon remittitur, FLF moved in the Supreme Court, in effect, to modify or vacate the award on the ground that F & P was barred from collecting part of the fee for its failure to file a timely retainer statement pursuant to 22 NYCRR 691.20. In an order dated December 12, 2016, which was corrected by order dated December 19, 2017, the court denied FLF's motion, finding that this Court's decision and order confirming the award and remitting for the entry of an appropriate judgment left no possibility for FLF to make a second motion challenging the award. FLF then moved for leave to reargue. In an order dated December 12, 2017, the Supreme Court, inter alia, granted FLF's motion for leave to reargue and adhered to its original determination. The judgment dated December 19, 2017, is in favor of F & P and against FLF in the principal sum of $600,000. FLF appeals from the judgment.
The Supreme Court properly entered judgment upon the confirmed arbitration award (see CPLR 7514[a]). Contrary to FLF's contentions, this Court's prior order confirming the award and directing the Supreme Court, upon remittitur, to enter an "appropriate judgment" was not an invitation for FLF to file a second motion challenging the arbitrator's fee allocation. Moreover, we agree with F & P's contention that FLF's conduct in pursuing the instant appeal is frivolous and should be sanctioned to the extent indicated (see Scialdone v Stepping Stone Assoc., L.P., 148 AD3d 955). FLF's opposition to F & P's application for sanctions is without merit.
In light of our determination, we do not reach FLF's remaining contentions.
CHAMBERS, J.P., ROMAN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court