Matter of Tauber v Gross (2023 NY Slip Op 02714)

Matter of Tauber v Gross

2023 NY Slip Op 02714

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2020-02393 
2021-00197
 (Index No. 36017/18)

[*1]In the Matter of Gershon Tauber, etc., et al., appellants, Rabbi 
v
Alexander Gross, et al., respondents.

Lawrence A. Garvey & Associates, P.C., New City, NY (Joseph Reiter of counsel), for appellants.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York, NY (Ethan A. Kobre of counsel), for respondents Rabbi Alexander Gross, Rabbi Moshe Shlomo Gobioff, Rabbi Elimelech Menzer, and Rabbinical Court Even Hamishpot.

DECISION & ORDER
In a hybrid action and proceeding pursuant to CPLR article 75, inter alia, to vacate an arbitration award dated August 6, 2018, the plaintiffs/petitioners appeal from (1) an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated January 28, 2020, and (2) a judgment of the same court, also dated January 28, 2020. The order, insofar as appealed from, denied that branch of the plaintiffs/petitioners' motion which was for leave to renew so much of the complaint/petition as was pursuant to CPLR article 75 to vacate the arbitration award and their opposition to a cross-petition to confirm the arbitration award, which were, respectively, denied and granted in an order of the same court dated November 1, 2019. The judgment, insofar as appealed from, dismissed so much of the complaint/petition as was pursuant to CPLR article 75 to vacate the arbitration award, granted the cross-petition to confirm the arbitration award, confirmed the arbitration award, and is in favor of the defendants/respondents Samuel Sinai and Shloime Torim and against the plaintiffs/petitioners in the total sum of $582,776.99.
ORDERED that the appeal from the order dated January 28, 2020, is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants/respondents Rabbi Alexander Gross, Rabbi Moshe Shlomo Gobioff, Rabbi Elimelech Menzer, and Rabbinical Court Even Hamishpot.
These appeals arise from a dispute over an alleged oral agreement to sell certain real property in Monsey. The dispute was the subject of arbitration before a rabbinical arbitration tribunal, which issued an arbitration award dated August 6, 2018, among other things, directing Gershon Tauber and David Strohli to pay Samuel Sinai the sum of $440,900. During the pendency of the arbitration, the property was transferred to ES Realco Holdings, LLC (hereinafter ES Realco).
Tauber, Strohli, and ES Realco (hereinafter collectively the appellants) commenced this hybrid action and proceeding pursuant to CPLR article 75, inter alia, to vacate the arbitration award against, among others, Sinai and Shloime Torim. Sinai and Torim cross-petitioned to confirm [*2]the arbitration award. In an order dated November 1, 2019, the Supreme Court, inter alia, denied so much of the complaint/petition as was pursuant to CPLR article 75 to vacate the arbitration award and granted the cross-petition. The appellants moved, among other things, for leave to renew so much of the complaint/petition as was pursuant to CPLR article 75 to vacate the arbitration award and their opposition to the cross-petition. In an order dated January 28, 2020, the court, among other things, denied that branch of the motion. In a judgment, also dated January 28, 2020, the court, inter alia, dismissed so much of the complaint/petition as was pursuant to CPLR article 75 to vacate the arbitration award, granted the cross-petition, confirmed the arbitration award, and awarded Sinai and Torim the total sum of $582,776.99. These appeals from the judgment and the order dated January 28, 2020, ensued.
The appeal from the order dated January 28, 2020, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action/proceeding (see Matter of Aho, 39 NY2d 241, 248). The issues raised in connection with the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
"[J]udicial review of arbitration awards is extremely limited" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479; see Jurcec v Moloney, 164 AD3d 1431, 1432). "CPLR article 75 codifies a limited role for the judiciary in arbitration" (American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d 64, 70; see Matter of Paluch v Kohn, 204 AD3d 804, 805). In determining any matter under CPLR article 75, "the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute" (CPLR 7501). "[A]n arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 479-480).
The court "shall" grant a timely application to confirm an arbitration award "unless the award is vacated or modified upon a ground specified in section 7511" (CPLR 7510; see Jurcec v Moloney, 164 AD3d at 1432). "A party seeking to overturn an arbitration award on one or more grounds stated in CPLR 7511(b)(1) bears a heavy burden, and must establish a ground for vacatur by clear and convincing evidence" (Matter of Denaro v Cruz, 115 AD3d 742, 742-743 [citations and internal quotation marks omitted]; see Jurcec v Moloney, 164 AD3d at 1432). "An arbitrator's award may be vacated only upon the grounds specified in CPLR 7511" (Matter of Blamowksi [Munson Transp.], 91 NY2d 190, 194).
Here, the appellants did not establish that the arbitration award should be vacated pursuant to CPLR 7511. The appellants' arguments concerning the statute of frauds and the proof, or lack thereof, before the arbitration tribunal relate to the merits of the dispute and do not constitute a basis for vacating the arbitration award (see CPLR 7501, 7511[b][1]). In addition, since Strohli participated in the arbitration, the appellants' contention that he did not sign a valid agreement to arbitrate is not a ground for vacating the arbitration award (see CPLR 7511[b][1], [2]; Matter of Meisels v Uhr, 79 NY2d 526, 538; Zar v Yaghoobzar, 161 AD3d 815, 816).
Contrary to the appellants' contentions, they failed to establish by clear and convincing evidence that there was corruption, fraud, or misconduct in procuring the arbitration award (see CPLR 7511[b][1][i]; Berg v Berg, 85 AD3d 950, 952), that any of the arbitrators were biased (see CPLR 7511[b][1][ii]; Matter of Piller v Eisner, 173 AD3d 1035, 1036-1037; Matter of Heller v Bedford Cent. Sch. Dist., 154 AD3d 754, 755), or that the arbitration award exceeded the authority of the arbitration tribunal (see CPLR 7511[b][1][iii]; Matter of Sussco Exterior Sys. v Hercules Constr. Corp., 120 AD2d 532, 533). Since the appellants failed to show by clear and convincing evidence a basis for vacating the arbitration award pursuant to CPLR 7511, the Supreme Court properly denied so much of the complaint/petition as was pursuant to CPLR article 75 to vacate the arbitration award and granted the cross-petition to confirm the arbitration award (see CPLR 7510; Matter of Bornstein v Steinberg, 175 AD3d 605, 606).
Further, the Supreme Court properly denied that branch of the appellants' motion which was for leave to renew so much of the complaint/petition as was pursuant to CPLR article 75 to vacate the arbitration award and their opposition to the cross-petition to confirm the arbitration award. "[A] motion for leave to renew is not a second chance freely given to parties who have not [*3]exercised due diligence in making their first factual presentation" (Matter of Allstate Ins. Co. v Liberty Mut. Ins., 58 AD3d 727, 728 [internal quotation marks omitted]; see Matter of Allstate Ins. Co. v Robinson, 188 AD3d 1186, 1188). A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain a reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]). Here, the appellants failed to demonstrate a reasonable justification for the failure to present the purported new facts with their complaint/petition or in opposition to the cross-petition, and failed to demonstrate that the alleged new facts would have changed the court's prior determination to deny so much of the complaint/petition as was pursuant to CPLR article 75 to vacate the arbitration award, and to grant the cross-petition to confirm the arbitration award.
Accordingly, we affirm the judgment insofar as appealed from.
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court