| |
|---|
| **Rotenstreich v Lesches** |
| 2024 NY Slip Op 31898(U) |
| May 31, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655503/2023 |
| Judge: Melissa A. Crane |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MELISSA A. CRANE**     PART     **60M**

*Justice*

-------------------------------------------------------------------------------X

NAFTALI ROTENSTREICH, CHABAD OF GRAMERCY PARK

Plaintiff,

- v -

SHAYA LESCHES, YJP FOUNDATION, INC.,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655503/2023 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 004 |

**INTERIM
DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 101, 102, 103, 108, 113

were read on this motion to/for        DISMISS       .

Per the reasoning on the record, the court grants that part of the motion to dismiss the petition to the extent that it seeks to vacate the part of the arbitration award concerning the "YJP Premises." As stated on the record, the award does not violate the rule against perpetuities because the parties have not yet entered into a lease. Any lease the parties enter into must necessarily comply with various aspects of New York law, including, e.g., safety regulations and the rule against perpetuities. Nor does the award fail by virtue of the statute of frauds (*see Tauber v Gross*, 216 AD3d 1066, 1067 [2d Dep't 2023] [in suit concerning agreement to sell real property in Monsey, NY "appellant's arguments concerning the statute of frauds, and the proof, or lack thereof, before the arbitration tribunal relate to the merits of the dispute and do not constitute a basis for vacating the arbitration award"]).

Also as stated on the record, and as this court already determined in the decision and order on motion 1, dated 11/15/2023 [**EDOC 34**], "petitioners cannot establish that the panel

**655503/2023 ROTENSTREICH, NAFTALI ET AL vs. LESCHES, SHAYA**
**Motion No. 004**

**Page 1 of 4**

exceeded their authority" because the parties agreed to binding arbitration of "all controversies [claims and counterclaims] between the undersigned parties" as well as "interests in…**properties** relating to YJP and CGP" [EDOC 29]. Moreover, petitioner participated in the entire arbitration, including the part dealing with the mansion (the "YJP Premises"). Nor is the arbitration award inconsistent with respect to awarding the YJP Premises to YJPF as the panel found that Petitioner "agreed that the creation of a new YJPF was intended to serve as the successor to YJP D/B/A CGP" (Award, EDOC 69 at pg 3, section 1).

Nor has petitioner established bias. The decision of the panel was unanimous, including the decision of petitioner's chosen arbitrator. Petitioner has failed to show by clear and convincing evidence that there was corruption, fraud or misconduct in procuring the arbitration award (*Tauber*, 216 AD3d at 1068). The court finds the remainder of Petitioner's arguments to vacate that part of the arbitral award concerning the "YJP Premises" to be unavailing.

Nevertheless, as explained on the record, that part of the award that punted "[a]ll disputed issues regarding salaries, conflicts of interest(s), involving the employees and directors of YJPF" to "the trustees and/or board of the newly created YJPF," defeated most of the reason for the arbitration in the first place (*see* EDOC 68 [where the parties agreed that the above issues would be put to the arbitrators]).

The award leaves open the possibility for subsequent decisions from the arbitral panel (*see* EDOC 69 pg 4). Accordingly, the court remands to the arbitral panel all issues concerning Lesches' alleged: (1) misappropriation of Chabad's funds and resources to run a rival business, while simultaneously taking a salary from Chabad; (2) misappropriation of Chabad's funds to purchase a townhouse for his family; and (3) solicitation of YJP personnel to work for his rival business (EDOC 66). Moreover, the panel should consider Lesches' counterclaims, including

655503/2023   ROTENSTREICH, NAFTALI ET AL vs. LESCHES, SHAYA
Motion No.  004

Page 2 of 4

that Petitioner created a new company to compete with YJP. These issues collectively are the "non-YJP Premises disputes." The parties are free to agree to a new panel, or this court, to decide these remaining issues. Lacking agreement, the present panel will decide the non-YJP Premises disputes. The parties have 30 days to either return to the existing arbitration panel, appear before a new arbitration panel, or stipulate to have the non-YJP Premises disputes resolved by this court.

The court has considered the parties' remaining contentions and finds them unavailing. Accordingly, it is

ORDERED THAT the motion to dismiss the amended petition (MS 04) is granted to the extent that the amended petition seeks to vacate the part of arbitration award concerning the YJP Premises; and it is further

ORDERED THAT that remainder of respondent's motion to dismiss the Amended Petition and cross motion to confirm the arbitration award is held in abeyance pending the further arbitration proceedings contemplated in this interim decision and order; and it is further

ORDERED THAT the non-YJP Premises disputes are remanded to the arbitral panel for decision. The parties must appear before the arbitration panel within 30 days to resolve those issues or, alternatively, the parties may appear before a new arbitration panel [by agreement] or the court [by agreement] to resolve the non-YJP Premises issues within 30 days of the date of this interim decision and order; and it is further

ORDERED that the parties must email the court, cc'ing all sides, at SFC-Part60@nycourts.gov to advise whether they are appearing before the existing arbitral panel, a new panel, or the court; and it is further

**655503/2023   ROTENSTREICH, NAFTALI ET AL vs. LESCHES, SHAYA**
**Motion No.  004**

**Page 3 of 4**

3 of 4

[* 3]

ORDERED THAT the parties must appear for a status conference over Microsoft Teams

on **9/3/24** at **10:30 a.m.**

20240531142410MACRANE24E68BD9032E4DEFA416B50C0A8FA7C1

_5/31/2024_
**DATE**

**MELISSA A. CRANE, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**655503/2023   ROTENSTREICH, NAFTALI ET AL vs. LESCHES, SHAYA**
**Motion No.  004**

Page 4 of 4

4 of 4