Matter of Nofal v MAS-UNY (2025 NY Slip Op 00450)

Matter of Nofal v MAS-UNY

2025 NY Slip Op 00450

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-02875 
2023-02877
 (Index No. 50535/22)

[*1]In the Matter of Abdelnasser Nofal, appellant,
v
MAS-UNY, doing business as Andalusia School, respondent.

Abdelnasser Nofal, Yonkers, NY, appellant pro se.
Aaron R. Pam, White Plains, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated May 23, 2022, the petitioner appeals from (1) an order of the Supreme Court, Westchester County (Gretchen Walsh, J.), dated January 27, 2023, and (2) an order and judgment (one paper) of the same court entered February 7, 2023. The order denied the amended petition to vacate the arbitration award and granted the respondent's cross-motion to confirm the arbitration award. The order and judgment, insofar as appealed from, upon the order, denied the petitioner's amended petition, granted the respondent's cross-motion to confirm, and confirmed the arbitration award.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment is affirmed insofar as appealed from, and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the proceeding (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]).
The petitioner commenced this proceeding against the respondent, his former employer, pursuant to CPLR article 75 to vacate an arbitration award dated May 23, 2022, issued by an arbitration committee pursuant to the parties' agreement to arbitrate their disputes. The respondent cross-moved pursuant to CPLR article 75 to confirm the arbitration award. In an order dated January 27, 2023, the Supreme Court denied the amended petition and granted the respondent's cross-motion. In an order and judgment entered February 7, 2023, the court, inter alia, denied the petitioner's amended petition, granted the respondent's cross-motion to confirm, and confirmed the arbitration award. The petitioner appeals.
Judicial review of an arbitration award is extremely limited (see Matter of Tauber v Gross, 216 AD3d 1066, 1068). "CPLR article 75 codifies a limited role for the judiciary in [*2]arbitration" (American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d 64, 70; see Matter of Tauber v Gross, 216 AD3d at 1068). CPLR 7510 provides that "[t]he court shall confirm an [arbitration] award upon application of a party made within one year after its delivery to him [or her], unless the award is vacated or modified upon a ground specified in section [7511]." "A party seeking to overturn an arbitration award on one or more grounds stated in CPLR 7511(b)(1) bears a heavy burden, and must establish a ground for vacatur by clear and convincing evidence" (Matter of Tauber v Gross, 216 AD3d at 1068 [internal quotation marks omitted]; see Matter of Denaro v Cruz, 115 AD3d 742, 742). "An arbitrator's award may be vacated only upon the grounds specified in CPLR 7511" (Matter of Blamowski [Munson Transp.], 91 NY2d 190, 194; see Matter of Tauber v Gross, 216 AD3d at 1068).
The requirements of CPLR 7506(b) and (c) are waived if the parties continue with the arbitration without objection (see id. § 7506[f]; Matter of Gassman Baiamonte Gruner, P.C. v Katz, 164 AD3d 790, 791). Moreover, in the absence of an express provision in the arbitration agreement to the contrary, an arbitrator is entitled to decide the issues through summary judgment (see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [New York State Dept. of Corr. & Community Supervision], 188 AD3d 1534, 1537; Brooks v BDO Seidman, LLP, 94 AD3d 528, 529).
Here, contrary to the petitioner's contentions, he did not establish by clear and convincing evidence that the arbitration award should be vacated (see Matter of NRT N.Y., LLC v St. Arromand, 216 AD3d 641, 642; Matter of Denaro v Cruz, 115 AD3d at 743).
The petitioner's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the amended petition to vacate the arbitration award and granted the respondent's cross-motion to confirm the arbitration award.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court