Matter of Houlihan/Lawrence, Inc. v Katsoris

2026 NY Slip Op 02839

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Houlihan/Lawrence, Inc., petitioner-respondent,

v

Louis Katsoris, appellant, et al., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2024-06734, (Index No. 71554/23)

Cheryl E. Chambers, J.P.

Deborah A. Dowling

James P. McCormack

Susan Quirk, JJ.

Louis C. Katsoris, named herein as Louis Katsoris, Harrison, NY, appellant pro se.

Jones, LLP, Briarcliff Manor, NY (Stephen J. Jones, Marcy Blake and Colleen Calabro of counsel), for petitioner-respondent.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated August 25, 2023, Louis Katsoris appeals from an order of the Supreme Court, Westchester County (Thomas Quiñones, J.), dated May 16, 2024. The order granted the petition to confirm the arbitration award and confirmed the arbitration award.

ORDERED that the order is reversed, on the law, with costs, the petition to confirm the arbitration award is denied, the arbitration award is vacated, and the proceeding is dismissed.

In November 2021, Louis and Valerie Katsoris entered into an exclusive right to sell agreement with Houlihan/Lawrence, Inc. (hereinafter Houlihan/Lawrence), related to certain premises located in Harrison. The agreement provided, inter alia, that the parties would submit and resolve any dispute or claim between them using binding arbitration conducted by the American Arbitration Association (hereinafter AAA) under its Real Estate Industry Arbitration Rules or, alternatively, the parties could agree in writing to use another arbitration provider and different rules for the arbitration. In November 2022, Houlihan/Lawrence demanded arbitration conducted by the AAA under its Consumer Rules alleging that Louis and Valerie Katsoris failed to pay the full real estate commission due pursuant to the exclusive right to sell agreement. In February 2023, Louis Katsoris demanded arbitration conducted by the AAA under its Commercial Rules alleging, among other things, breach of contract. Louis Katsoris's demand was administratively converted into a counterclaim in the arbitration filed by Houlihan/Lawrence. After conducting a hearing pursuant to the Consumer Rules, the arbitrator issued an award dated August 25, 2023, awarding Houlihan/Lawrence the sum of $17,000 for damages against Louis and Valerie Katsoris, jointly and severally, and the sum of $25,964.50 for attorneys' fees solely against Louis Katsoris, and denying Louis Katsoris's counterclaim.

Houlihan/Lawrence commenced this proceeding pursuant to CPLR article 75 to confirm the arbitration award dated August 25, 2023. Louis Katsoris opposed the petition, contending that the award should be vacated. In an order dated May 16, 2024, the Supreme Court granted the petition and confirmed the arbitration award. Louis Katsoris appeals.

"Judicial review of an arbitration award is extremely limited" (Matter of Nofal v MAS-UNY, 234 AD3d 970, 971; see Matter of Tauber v Gross, 216 AD3d 1066, 1068). Pursuant to CPLR 7510, the court shall confirm an arbitration award upon application of a party within one year after its delivery to them, unless the award is vacated or modified upon a ground set forth in CPLR 7511.

Pursuant to CPLR 7511(b)(2), "[t]he award shall be vacated on the application of a party who neither participated in the arbitration nor was served with a notice of intention to arbitrate if the court finds that . . . (iii) the agreement to arbitrate had not been complied with."

Here, Louis Katsoris established that he neither participated in the arbitration nor was served with a notice of intention to arbitrate and that the agreement to arbitrate had not been complied with. The agreement provided, inter alia, that "[u]nless limited below, we must submit and resolve any dispute or legal or equitable claim ("Claim(s)") between us . . . using binding arbitration conducted by the [AAA] under its Real Estate Industry Arbitration Rules. Alternatively, we may agree in writing to use another arbitration provider and different rules for the arbitration." The arbitration was conducted by the AAA under its Consumer Rules, absent any agreement in writing to use such different rules for the arbitration (see id. § 7511[b][2][iii]; Matter of Blamowski [Munson Transp.], 91 NY2d 190, 194-195; Matter of Northern Assur. Co. of Am. v Bollinger, 256 AD2d 580, 581). Accordingly, the Supreme Court should have denied the petition confirming the arbitration award and vacated the arbitration award.

The parties' remaining contentions need not be addressed in light of our determination.

CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court